## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. GAUDET, ET AL.** Individually and on Behalf of a Class of All Other Similarly Situated Persons | CIVIL ACTION NO. 19-cv-10356 |
| VERSUS | JUDGE WENDY B. VITTER MAGISTRATE JANIS VAN MEERVELD |
| **HOWARD L. NATIONS, APC, ET AL.** | DEMAND FOR JURY TRIAL |

## PLAINTIFFS' OPPOSITION TO JOSEPH A. MOTTA, ATTORNEY AT LAW, APLC'S MOTION TO DISMISS COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, **DEBORAH A. GAUDET**, **TIMOTHY BUTLER, DIAN B. CAMPBELL, KRISTINE COLLINS, REGINA FALGOUST, ABRAHAM GAMBERELLA, ADAM J. HEBERT, FRED LEDET, STANWOOD MOORE, JR.,** and **JAMES SCALES, III**, individually and on behalf of all others similarly situated, who oppose *the Motion to Dismiss Complaint Against Joseph A. Motta, Attorney at Law, APLC* filed by Defendant, Joseph A. Motta, Attorney at Law, APLC's ("Motta"), on September 6, 2019 [Doc. 47].

## INTRODUCTION

The defendant law firms, The Nicks Law Firm, LLC ("Nicks"), Howard L. Nation, APC ("Nations"), Rueb & Motta, APLC ("R & M"), The Rueb Law Firm, APLC ("Rueb"), and Joseph A. Motta, Attorney at Law, APLC ("Motta") (collectively, "Defendants"), made a choice and a

conscious business decision to jointly represent as many subsistence loss claimants as they could in the BP Oil Spill class action litigation. That decision and choice was made while the Defendants knew they did not have the resources or the time to properly represent the interests of their clients. The BP litigation resulted in a settlement in which persons who, for personal and family subsistence, harvested fish in the Gulf Coast areas that were closed to fishing after the BP Oil Spill. To file an eligible Subsistence Claim, a claimant was only required to submit a Subsistence Claim Form and provide a state recreational fishing license to the Deepwater Horizon Economic Claims Center ("DHECC"). Failure to submit the proper documentation rendered a subsistence claimant's claim ineligible for compensation. It was incumbent on the Defendants to file the requisite documents for their clients. Upon information and belief, the Defendants engaged nearly 17,000 subsistence claimants in the BP Oil Spill litigation in order to file Subsistence Claims for them.

In this litigation, the Plaintiffs are members of the former BP Oil Spill class who hired the Defendants to represent their legal interests in the BP Oil Spill settlement by filing Subsistence Claims. The Plaintiffs timely provided the Defendants with all necessary information and documentation to file eligible Subsistence Claims for them.  However, the Defendants failed to timely provide DHECC with the necessary information/documentation to file an eligible Subsistence Claim. In some cases, the Defendants filed the Subsistence Claim Form for the claimant but failed to file the claimant's fishing license.  In other instances, the Defendants filed the claimant's Subsistence Claim after the June 8, 2015 deadline.  In the most egregious instances, the Defendants failed to file anything.

As a result, Plaintiffs lost the opportunity to be compensated for their subsistence losses. This suit seeks to recover the damages the Plaintiffs sustained as a result of the Defendants' inadequate and incompetent legal representation. All of the Plaintiffs sustained a common injury

from the Defendants' common course of conduct. Defendants failed to timely provide DHECC with required documentation to sustain an eligible Subsistence Claim for the Plaintiffs. Accordingly, the Plaintiffs are pursuing this matter as a class action.

## LAW AND ARGUMENT

In this motion, Motta presents three distinct challenges to the Plaintiffs' First Amended Class Action Complaint (Amended Complaint").  First, Motta argues the Amended Complaint lacks sufficient factual to establish personal jurisdiction over Motta.  However, Motta directly availed itself to this jurisdiction when it solicited clients here in order to file their BP Subsistence Claims.  Second, Motta argues the Plaintiffs' Amended Complaint fails to establish subject matter jurisdiction.  Motta's argument parallels that made by Nations in its Rule 12(b)(1) motion to dismiss [Doc. 39-1]. The present motion should fail for the same reasons. The Plaintiffs refer the Court to Doc. 54, their opposition memorandum to the Nations' Motion [Doc. 39] for a discussion of the interrelated issues.  Third, Motta argues the Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.  However, the Plaintiffs clearly allege the Defendants acted jointly and in concert and their collective misconduct deprived the Plaintiffs of the opportunity to receive compensation for their subsistence losses by participating the BP Settlement Program.

## I.    THE FIRST AMENDED CLASS ACTION COMPLAINT SUFFICIENTLY ALLEGES PERSONAL JURISDICTION

Motta falsely claims that it could not have been involved in the wrongful conduct alleged in Plaintiffs' Complaint because "at all times relevant to Plaintiffs' claims [it] did not exist."[1] However, Motta admits it was incorporated on September 25, 2017 and "officially recognized by the IRS" on October 1, 2017.[2] Accepting these dates as accurate does not support Motta's litigation

---

[1] Defendant's Memorandum in Support of Motion to Dismiss Complaint Against Defendant Joseph A. Motta, Attorney at Law, APLC at p. 6. (Doc. 47)
[2] *Id.* at p. 3.

position. These dates establish that Motta had legal status more than one year prior to the October 31, 2018 date listed on the denial letters received by Plaintiff Class members[3] and about a year and a half before the denial letters were mailed to Plaintiffs.[4]  The Defendants' joint-venture may have begun in 2015, but the venture continues to this day. Motta does not provide any support for the proposition that the Defendants' joint venture had a termination date. Whether Motta joined with the Defendants in their misconduct since the inception is irrelevant.  The Plaintiffs allege Motta acted in conjunction with the Defendants in their joint venture at other relevant times during their representation of the Plaintiffs.[5]

Motta does not and cannot offer evidence that it was not involved with the BP Subsistence Claims. Plaintiffs' First Amended Class Action Complaint clearly alleges that it was.[6] Such allegations must be accepted as true for a motion to dismiss based on lack of personal jurisdiction.[7]

The Fifth Circuit has recognized a "three-step analysis" for personal jurisdiction:

> (1) whether the defendant ... purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there;
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
> (3) whether the exercise of personal jurisdiction is fair and reasonable.[8]

The Fifth Circuit has further recognized, "when a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing . . . the nonmoving party need only make a prima facie showing, and the court must accept as true the nonmover's allegations resolving

---

[3] *See* Amended Complaint at para.  32. (Doc. 45).
[4] *See* Amended Complaint at para.  32. (Doc. 45).
[5] Amended Complaint, pp. 1-2, para.  3, para.  41. (Doc. 45).
[6] *See* Amended Complaint at para.  3, ("… 'Defendants' all of whom participated collectively in the solicitation and engagement of BP Subsistence Claimants as a joint venture."); *see also* Amended Complaint, pp. 2, 7, para. 3, para.  5, para.  18, para.  19, para.  49 (alleging all Defendants solicited and engaged clients to file BP subsistence claims on their behalf.) (Doc. 45)
[7] *See, e.g.,* Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619 (5th Cir.1999).
[8] *Luv N' care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006).

all factual disputes in its favor."[9] Plaintiffs have easily made a prima facie showing of personal jurisdiction over Motta by pleading minimum contacts with the forum state and pleading that such conduct caused Plaintiffs' damages.

In their Amended Complaint, the Plaintiffs' allege that *all Defendants*, including Motta solicited and engaged clients in the forum State of Louisiana.[10] Thereafter, and as a direct result of the solicitation and engagement of those clients in the forum, the causes of action asserted in the litigation arose.[11] Additionally, there are numerous factual reasons for this Court to conclude that the exercise of jurisdiction is not only fair and reasonable[12] but also entirely appropriate.

First, Louisiana has a strong interest in adjudicating this matter. The BP Oil Spill happened off the Louisiana Coast. Louisiana was one of the most impacted states on the Gulf Coast.[13] This Court presided over the ensuing litigation. Likewise, this Court managed and oversaw the BP Settlement Program.[14] and that Louisiana was one of the Gulf Coast states impacted by the BP oil spill. This establishes the forum's obvious interest in the case. Motta, or its sole shareholder, Joseph Motta, purposefully directed activities in Louisiana by soliciting clients to file their BP Subsistence Claims in the DHECC, which was also primarily located in Louisiana and managed by this Court.

To the contrary, Motta's home state (California) has no interest in the adjudication of this

---

[9] *Guidry v. U.S. Tobacco Co., Inc*., 188 F.3d at 625.

[10] Amended Complaint, pp. 2, 7, para. 3, para. 5, para. 18, para. 19, para. 49. (Doc. 45).

[11] Amended Complaint, paras. 42-50. (Doc. 45).

[12] "In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum; (2) the interests of the forum state in the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the states in furthering fundamental social policies." *Cent. Freight Lines Inc. v. APA Transp. Corp.,* 322 F.3d 376, 384 (5th Cir. 2003) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

[13] Amended Complaint, pp. 1-2. (Doc. 45).

[14] Amended Complaint, pp. 1-2, para. 5. (Doc. 45).

matter. Neither California nor its citizens were affected by the BP Oil Spill nor Motta's related misconduct. In sum, the Plaintiffs satisfy their pleading requirement by alleging sufficient facts in their Amended Complaint to make the prima facie case of personal jurisdiction over Motta.

Even if this Court were to find the Plaintiffs have not met their burden of making the prima facie showing of personal jurisdiction over Motta, its Motion to Dismiss should still be either denied or deferred. The Plaintiffs have alleged Motta acted jointly with the other Defendants.[15] Regardless of when Joseph A. Motta, Attorney at Law, APLC was organized, its sole shareholder and operator, Joseph Motta did act with the other Defendants since the inception of the Defendants misconduct. Whether Motta's current legal malpractice insurance policy is "claims made" policy that provides coverage for current claims made for Joseph Motta's previous misconduct, regardless of when the wrongful act that gave rise to the claim occurred, is a material fact to personal jurisdiction.

Plaintiffs should be afforded the opportunity to conduct appropriate jurisdictional discovery. This Court, following the guidance of the Fifth Circuit, has specifically recognized that when a motion to dismiss challenges the factual basis for jurisdiction, the Court should permit jurisdictional discovery when it could add facts necessary to resolve the jurisdictional issue.[16] As such, if this Court somehow determines Plaintiffs have not made a prima facie showing of personal jurisdiction, Plaintiffs respectfully request this Court grant Plaintiffs sixty (60) days to conduct the proper jurisdictional discovery as to Motta. This will allow Plaintiffs to gain access to the underlying relevant facts for a judicial determination of Motta's initial and continued involvement in the Defendants' joint venture.

---

[15] Amended Complaint, pp. 1-2, para. 3, para. 41. (Doc. 45).
[16] See *Leech v. 3M Co.*, CV 17-446, 2018 WL 1453198, at *2 (E.D. La. Mar. 23, 2018).

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION

Although Motta declined to join in either Motion to Dismiss filed by Nations [Doc. 39] or Nicks [Doc. 43], its arguments are identical to those of Nations and Nicks.  Essentially, Motta argues the Plaintiffs failed to plead facts that demonstrate this Court has subject matter under CAFA. This Court should grant Defendants' Rule 12(b)(1) motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

Since Motta's arguments in support of this motion echo those of Nations [Doc. 39-1] and Nicks [Doc. 43-1], the Plaintiffs respectfully refer the Court to [Doc. 54], their opposition to the Nations motion [Doc. 39] for their comprehensive argument this Court has subject matter jurisdiction.  See Doc. 54, Section I.

In short, the factual allegations in the Amended Complaint demonstrate this Court has diversity jurisdiction by either: 1) original jurisdiction pursuant to CAFA or 2) original diversity jurisdiction of putative class representative, Abraham Gamberella's claim, which provides supplement jurisdiction over all other putative class members' claims.

## III.    MOTTA'S RULE 12(b)(6) MOTION SHOULD BE DENIED

Motta claims Plaintiffs failed to state a claim against it by suggesting it did not "exist" when the misconduct at issue occurred. Yet, the misconduct, as alleged, commenced on June 8, 2015 but has continued to this day based on misrepresentations and concealment by Defendant law firms. As explained, Motta was in existence on the date the denial letters are dated, the dates the denial letters were mailed, and the dates they were received. Plaintiffs have adequately pleaded the relevant dates as well as Motta's involvement, which must be accepted as true for purposes of

Motta's Motion to Dismiss.[17]

The federal courts operate on a system of notice pleading – meaning the Plaintiff need not provide detailed factual allegations but need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[18] For the purposes of a motion to dismiss, the Court must take all of the factual allegations made in Plaintiff's Complaint as true.[19] In sum, *Twombly* requires more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" but less than "detailed factual allegations."[20] Here, in their Amended Complaint, the Plaintiffs pled facts in much more depth and detail than contemplated or required in notice pleading. Simply put, Plaintiffs have satisfied their pleading requirements.

In the Amended Complaint, the Plaintiffs allege the Defendants acted jointly and in concert.[21] In alleging the Defendants misconduct, the Plaintiffs are referring to **all** Defendants, including Joseph A. Motta, Attorney at Law, APLC.[22] The word "Defendants" appears in the Amended Complaint two-hundred (200) times.[23]  Thus, Motta's misconduct is alleged in detail.

Specifically, the Plaintiffs allege the manner in which Defendants participated in a joint venture across the Gulf Coast states[24] where and how they solicited and engaged approximately 17,000 BP subsistence clients[25] and failed to timely provide the requisite information to pursue an eligible Subsistence Claim on the client's behalf.[26] The Amended Complaint further alleges how the Defendants attempted to conceal this misconduct with their deceitful denial letters[27] and their

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[20] *Twombly*, 550 U.S. at 554–55.
[21] Amended Complaint, pp. 1-2, para.  3, para.  41. (Doc. 45).
[22] Amended Complaint at para.  3. (Doc. 45).
[23] *See* Amended Complaint.
[24] Amended Complaint at para.  36. (Doc. 45).
[25] Amended Complaint at para.  18, para.  20. (Doc. 45).
[26] Amended Complaint at para.  27, para.  36, para.  38. (Doc. 45).
[27] Amended Complaint at para.  32. (Doc. 45).

consistent misrepresentations that claims had been properly filed and are "still pending."[28]

The Plaintiffs allege they were members of the BP Class who were eligible to receive compensation for their subsistence losses.[29] The Plaintiffs allege that as a result of the Defendants failure to timely provide the requisite claimant information and documentation to DHECC, the claimants became categorically ineligible to receive compensation for their subsistence losses through the BP Settlement Program.[30] Accordingly, the Defendants' (including Motta) misconduct caused the Plaintiffs to lose their opportunities to receive compensation for their subsistence losses through participation in the BP Settlement Program. These facts, taken as true, entitle the Plaintiffs to relief as prayed for.[31]

## **CONCLUSION**

Defendant's Motion should be summarily denied. The Amended Complaint sufficiently alleges personal jurisdiction over Joseph A. Motta, Attorney at Law, APLC. This Court has subject matter jurisdiction over all claims herein. Plaintiffs have adequately pleaded factual allegations which, when taken as true, necessarily entitle them to relief. Defendant's Motion is premature and without merit. As indicated, Plaintiffs have not yet been afforded any discovery nor have Answers been filed.

Through their joint venture, Defendants made the choice to enrich themselves while harming many of their clients. Defendants attempted to escape liability for their shameful conduct by trying to conceal it.  They now attempt to escape liability once again by claiming Plaintiffs do not have enough factual information to hold them accountable.  Allowing discovery to commence will show the true nature and extent of damages that Motta and the other joint venture partners

---

[28] Amended Complaint at para.  29, para.  58. (Doc. 45).
[29] Amended Complaint at para.  21, paras.  30-31, paras.  36-37. (Doc. 45).
[30] Amended Complaint at paras.  26-27, paras.  30-31, paras.  36-37. (Doc. 45).
[31] Amended Complaint at p. 59. (Doc. 45).

caused to their clients.   Plaintiffs therefore respectfully request this Court deny Defendant's Motion in its entirety.

**Dated**: September 16, 2019

**RESPECTFULLY SUBMITTED:**

/s/ Jerald P. Block
**BLOCK LAW FIRM, APLC**
JERALD P. BLOCK, Bar Roll No. 3151
RICHARD C. BREAUX, Bar Roll No. 33740
KENDALL J. KRIELOW, Bar Roll No. 34625
SARAH M. LAMBERT, Bar Roll No. 38312
MATTHEW P. HYMEL, Bar Roll No. 38283
422 East First Street
Post Office Box 108
Thibodaux, Louisiana 70302
(985) 446-0418 Telephone
(985) 446-0422 Facsimile

Counsel for Plaintiffs and Plaintiff Class Members

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019 a copy of the foregoing has been electronically filed by using the CM/ECF system, which will send a copy of the foregoing to all counsel of record by notice of electronic filing.

/s/ Jerald P. Block
JERALD P. BLOCK