UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. GAUDET, ET AL.** Individually and on Behalf of a Class of All Other Similarly Situated Persons<br><br>VERSUS<br><br>**HOWARD L. NATIONS, APC, ET AL.** | CIVIL ACTION<br><br>NO. 19-cv-10356<br><br>JUDGE WENDY B. VITTER<br><br>MAGISTRATE JANIS VAN MEERVELD<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND/OR STRIKE CLASS ACTION ALLEGATIONS
RELATED TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, **DEBORAH A. GAUDET**, **TIMOTHY BUTLER, DIAN B. CAMPBELL, KRISTINE COLLINS, REGINA FALGOUST, ABRAHAM GAMBERELLA, ADAM J. HEBERT, FRED LEDET, STANWOOD MOORE, JR.,** and **JAMES SCALES, III**, individually and on behalf of all others similarly situated, who oppose the *Motion to Dismiss and/or to Strike Class Allegations of the First Amended Class Action Complaint* filed by the Defendants, The Nicks Law Firm, LLC [Doc. 57] which was joined by Howard L. Nations, APC, Rueb & Motta, APLC, and Rueb Law Firm, APLC.[1]

Plaintiffs fully adopt and incorporate their prior oppositions to the Defendants' first set of

---

[1] (Docs. 60 and 61.)

Motions to Dismiss and/or Strike Class Allegations [Docs. 54 and 56][2] as many of Defendants' arguments have simply been copied and pasted from Nicks' prior Motion and were not even updated in accordance with the First Amended Class Action Complaint ("Amended Complaint"). Defendants' Motion is unsupported in both law and fact; it is inaccurate, unorganized, and should easily be denied. Because much of Defendants' argument has been copied and pasted from Nicks' prior Motion, the Plaintiffs refer herein to [Docs. 54 and 56], the Plaintiffs' prior oppositions to Defendants' prior Motions to Dismiss.

## LAW AND ARGUMENT

### I. THIS COURT HAS SUBJECT MATTER JURISDICTION.

Plaintiffs fully adopt and incorporate their prior oppositions to Defendants' Motions [Docs. 54 and 56] which fully address this Court's subject matter jurisdiction.[3] The Plaintiffs have adequately pleaded diversity jurisdiction under the Class Action Fairness Act ("CAFA") and have also explained this Court's authority to exercise jurisdiction pursuant to the United States Supreme Court's decision in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).[4] Defendants' legal malpractice and related misconduct arose out of class action litigation that occurred in the Eastern District of Louisiana, and thus Plaintiffs' causes of action arose in the same venue. This undoubtedly makes this Court the proper adjudicator of this matter.

### II. PLAINTIFFS' CLASS ALLEGATIONS ARE ADEQUATELY PLED.

Plaintiffs' fully adopt and incorporate their prior oppositions to Defendants (Docs. 54 and

---

[2] As the Court will recall, Howard L. Nations, APC filed a Motion to Dismiss and/or Strike Class Allegations on August 14, 2019 [Doc. 39]. This Motion was joined in by The Nicks Law Firm, LLC, Rueb & Motta, APLC, and Rueb Law Firm, APLC. The Nicks Law Firm, LLC also filed a separate Motion to Dismiss and/or Strike Class Allegations on August 20, 2019 [Doc. 43].

[3] (Doc. 54 at pp. 6-11 and Doc. 56 at p. 4.)

[4] The Defendants did not even mention the latter authority, *Exxon Mobil*, in their Motion, despite it being fully briefed in Plaintiffs' prior opposition. *See* Doc. 54 at p. 11.

2

56) which fully address the adequacy of Plaintiffs' class action allegations under Rules 23(a) and 23(b)(3).[5] Besides largely being a copy and paste of Defendant Nicks' prior opposition, the Defendants have added a few original sentences. First, Defendants claim **numerosity** cannot be satisfied because "plaintiffs concede that all alleged class members are from the same geographic region, *i.e.* the Gulf Coast."[6] Assuming for the purposes of this opposition that this argument is sincere, it is no secret that **the Gulf Coast stretches across 1,680 miles.** The Amended Complaint alleges that hundreds, if not thousands, of individuals spanning across this vast area were detrimentally affected by Defendants' failure to adequately file and pursue BP Subsistence Claims on their behalf.[7] Defendants separately attempt to attack numerosity by falsely asserting that a majority of the proposed Class members have already been identified.[8] Defendants know there exist hundreds, if not thousands, of additional persons who comprise the proposed Plaintiff Class. In sum, numerosity, even by the most burdensome of standards, has been adequately pled.

Defendants attempt to claim there is neither **commonality nor typicality** among Plaintiffs, urging that the only commonality is that Defendants "committed malpractice against each plaintiff."[9] Yet, the evidence will establish that Defendants contracted with thousands of individuals who had Subsistence Claims in the BP Class Action Settlement. An assembly line process was used by the Defendants to engage clients - designed to represent as many clients as possible. There were no meetings with individual clients to discuss their wants or needs. Instead, clients were treated like inexpensive, disposable products. The methodology used by Defendants was to place as many clients on the assembly line as possible in order to yield maximum profit for

---

[5] (Doc. 54 at pp. 11-18 and Doc. 56 at p. 4-5.)
[6] Defendants' Motion to Dismiss and/or Strike Amended Complaint (Doc. 57) at p. 8.
[7] Amended Complaint, [Doc. 45], para. 36, p. 48.
[8] Defendants' Motion to Dismiss and/or Strike Amended Complaint (Doc. 57) at pp. 8-9.
[9] Defendants' Motion to Dismiss and/or Strike Amended Complaint (Doc. 57) at p. 10.

themselves. The Defendant law firms pushed through enough clients to make millions for themselves but, much like any poorly developed assembly line, many clients were treated as mere detritus tumbling off the assembly line to be abandoned, neglected, and ultimately discarded. For the Defendant law firms, these neglected claims were simply the cost of doing business. Defendants' common scheme for these clients (proposed Class Members herein) ended with a common result – non-payment of their claims. Defendants' malpractice occurred in class action litigation and there is no reason it should not be litigated by class action adjudication.

Defendants' theory on **adequacy** of representation would make class action litigation non-existent. Defendants claim "neither plaintiffs nor their counsel can adequately represent persons who are not also clients of plaintiffs' counsel."[10] Defendants repeatedly claim throughout their Motion that undersigned counsel cannot adequately represent unknown individuals. Defendants choose to ignore or denigrate the rationale for class action adjudication. Yet, this is an interesting and hypocritical argument originating from these class action lawyers. These same Defendant law firms righteously argue in favor of class action certification when they are on the prosecuting side but grumble and nit-pick when the exact procedural device is utilized against them.

With regard to **superiority and predominance**, Defendants claim the Amended Complaint does not reference any of the grounds in 23(b). **This is completely false.** Perhaps a careful reading of the Amended Complaint would have aided Defendants. The Amended Complaint clearly states: "Specifically, this class is appropriate for certification because the prerequisites of Rule 23(a) and 23(b)(3) are satisfied"[11] as well as fully articulating the satisfaction of the requisite elements of 23(b)(3).[12] Furthermore, it is uncertain why Defendants reference

---

[10] Defendants' Motion to Dismiss and/or Strike Amended Complaint (Doc. 57) at p. 11.
[11] Amended Complaint, (Doc. 45), para. 3, p. 47; *see also* paras. 40 and 41, pp. 51-53.
[12] Amended Complaint, (Doc. 45), paras. 40 and 41, pp. 51-53.

23(b)(1)(A) as it is not referenced in Plaintiffs' Amended Complaint in any manner.

Defendants also make much of the supposed applicability of laws of multiple states. The Amended Complaint alleges that this Court may determine that Mississippi law applies to all of the actions herein due to the express language chosen by Defendants in their attorney-client contracts.[13] The Court may also determine Louisiana law is applicable to the claims. All of the clients desired to participate in the BP Settlement Program and the Defendants' misconduct arose within that litigation. Therefore, it is unlikely that the laws of multiple states will be held applicable. However, in the unlikely event that did occur, this Court could fully and properly manage the litigation with an adequate trial plan which could include the bifurcation of appropriate issues and/or provide for sub-classing of litigants as necessary.

### III.  THE MOTION IS PREMATURE.

Plaintiffs' fully adopt and incorporate their prior oppositions to Defendants (Docs. 54 and 56) which fully address why this Court should summarily deny their Motion as premature.[14] As highlighted, Plaintiffs have not yet been afforded any pre-certification discovery or even Answers to their Amended Complaint.

### IV.  DEFENDANTS CANNOT USE THE ATTORNEY-CLIENT PRIVILEGE AS A SHIELD FROM MALPRACTICE LIABILITY.

Plaintiffs fully adopt and incorporate their prior oppositions to Defendants (Doc. 56) which address why Defendants cannot cloak themselves with attorney-client privilege as a shield from legal malpractice liability.[15] Defendants' Motion repeats this same specious argument.

Defendants essentially claim they are immune from liability because they plan to hide the identity of their clients. Defendants seemingly fail to appreciate the purpose of the attorney-client

---

[13] Amended Complaint, (Doc. 45), para. 49, p. 56.
[14] (Doc. 54) at pp. 18-20 and Doc. 56 at pp. 5-6.
[15] (Doc. 56) at pp. 6-7.

privilege, which is "to protect clients from the exposure of communications made to their attorneys, which were intended to be confidential."[16] It is intended "to encourage full and frank communication between attorneys and their clients."[17] Thus, the privilege exists to protect a client's *confidential communications*, not a client's *identity*. As expressed in Plaintiffs' prior opposition, the *identity* of clients is not a secret and does not fall within the scope of the attorney-client privilege.[18] In fact, many law firms openly boast about their prestigious clients by publicly displaying their names on their websites and through other publications or advertisements.

Defendants also attempt to suggest that legal malpractice actions via class action adjudication are prohibited. Interestingly, they offer no law whatsoever in support of their assertions, because none exists. To the contrary, class action legal malpractice suits have been pursued in a number of courts throughout the United States.[19] Pursuing litigation through class action is a procedural tool available for the Plaintiffs.[20] Each case must be looked at individually to determine if the facts of that case are proper for adjudication on a class-wide basis.[21] This Court will have the opportunity to fully examine the facts of this case at the class certification hearing to determine the appropriateness for class adjudication.

---

[16] Laurence A. Steckman, Richard Granofsky, *The Assertion of Attorney-Client Privilege by Counsel in Legal Malpractice Cases: Policy, Privilege, and the Search for Truth in Cases Involving Implied Waivers*, 45 Tort Trial & Ins. Prac. L.J. 839, 842 (2010) (quoting Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 33.29, at 179 (5th ed. 2000).

[17] *Upjohn Co. v. United States*, 449 U.S. 383, 389; 101 S.Ct. 677, 682; 66 L.Ed.2d 584 (1981).

[18] *See id.*; *see also, e.g., Frank v. Tomlinson*, 351 F.2d 384, 384 (5th Cir. 1965) ("The identity of a client, or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose.")

[19] *See, e.g., Gore v. Nagel et al*, 2:2019cv14287 (currently pending in United States District Court for the District of New Jersey, this litigation is a suit against six law firms who are accused of charging excessive fees to their clients in the pelvic mesh litigation); *see also Parrish v. Manatt, Phelps & Phillips*, LLP, C 10-03200 WHA, 2013 WL 2405200 (N.D. Cal. May 31, 2013)(This case arose out of legal malpractice in a class action litigation, where Plaintiffs sued their former attorneys in a class action lawsuit. The claims were settled.)

[20] § 5:1. In general, La. Practice Trial Handbook for La. Lawyers § 5:1 (3d ed.).

[21] "A class action certification determination requires an analysis of the particular facts and circumstances of each case, and the trial court has broad discretion in deciding whether or not to certify a class…." § 5:2. Certification, La. Practice Trial Handbook for La. Lawyers § 5:2 (3d ed.).

Lastly, Defendants' arguments about the proper scope of discovery in this matter are fully premature. Nevertheless, obviously once a proposed Class member is identified and the Class is certified, individual Class members will be entitled to decide whether to participate. This is because, contrary to the Defendants' suggestion, the attorney-client privilege exists to protect the client – something Defendants have undeniably failed to do on every level throughout their representation.

## **CONCLUSION**

Defendants' Motion should be summarily denied. This Court has subject matter jurisdiction over all claims herein. Plaintiffs have adequately pleaded factual allegations which, when taken as true, necessarily entitle them to relief. Plaintiffs have adequately pleaded all elements of Rule 23(a) and 23(b)(3). Furthermore, Defendants' Motion is wholly premature and without merit. Plaintiffs have not yet been afforded any discovery nor have Answers been filed.

Through their joint venture, Defendants enriched themselves while harming many of their clients. Defendants attempted to escape liability for their disgraceful conduct by trying to conceal it. They now attempt to escape liability once again by claiming former clients are not entitled to their own files. Allowing discovery to commence will establish the nature and extent of the damages caused by Defendants' actions and inactions. Based on the reasons detailed herein as well as Plaintiffs' prior Oppositions - fully adopted and incorporated herein - Plaintiffs respectfully request this Court deny Defendants' Motion in its entirety.

**Dated**: September 27, 2019

RESPECTFULLY SUBMITTED:

/s/ Jerald P. Block
**BLOCK LAW FIRM, APLC**
JERALD P. BLOCK, Bar Roll No. 3151
RICHARD C. BREAUX, Bar Roll No. 33740
KENDALL J. KRIELOW, Bar Roll No. 34625
SARAH M. LAMBERT, Bar Roll No. 38312
MATTHEW P. HYMEL, Bar Roll No. 38283
422 East First Street
Post Office Box 108
Thibodaux, Louisiana 70302
(985) 446-0418 Telephone
(985) 446-0422 Facsimile

Counsel for Plaintiffs and Plaintiff Class Members

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019 a copy of the foregoing has been electronically filed by using the CM/ECF system, which will send a copy of the foregoing to all counsel of record by notice of electronic filing.

/s/ Jerald P. Block
JERALD P. BLOCK