## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. GAUDET, ET AL.** Individually and on Behalf of a Class of All Other Similarly Situated Persons | CIVIL ACTION NO. 19-cv-10356 |
| VERSUS | JUDGE WENDY B. VITTER MAGISTRATE JANIS VAN MEERVELD |
| **HOWARD L. NATIONS, APC, ET AL.** | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE LEGAL OPINION TESTIMONY OF PLAINTIFFS' EXPERT, BENJAMIN P. COOPER, ESQ. AND STRIKE HIS EXPERT REPORT

Plaintiffs, **DEBORAH A. GAUDET**, **TIMOTHY BUTLER, DIAN B. CAMPBELL, KRISTINE COLLINS, REGINA FALGOUST, ABRAHAM GAMBERELLA, ADAM J. HEBERT, FRED LEDET, STANWOOD MOORE, JR.,** and **JAMES SCALES, III**, individually and on behalf of others similarly situated, submit this Memorandum in opposition to *Defendants' Motion to Exclude Legal Opinion Testimony of Plaintiffs' Expert, Benjamin A. Cooper, Esq. and Strike his Expert Report.* [Doc. 281][1]

## BACKGROUND

In this litigation, the Plaintiffs make, among other claims, a legal malpractice claim against the defendant law firms for breaching their fiduciary duties owed to the Plaintiffs, who are the Defendants' former clients. As this Court appropriately noted, Mississippi substantive law will

---

[1] Defendants erroneously attempt to exclude the testimony of a Benjamin A. Cooper; however, Plaintiffs' expert is Professor Benjamin P. Cooper.

govern all of Plaintiffs' claims, primarily due to the Defendants' choice of law provision in the attorney-client contract executed by Plaintiffs.[2] Furthermore, Defendants admit in numerous filings in this matter that Mississippi law is proper.[3] The attorney-client contract established fiduciary obligations on Defendants which forms the basis of all Plaintiffs' claims. To prove the Defendants breached their fiduciary duties, the Plaintiffs' must establish 1) the existence of an attorney client relationship, 2) the acts that constitute a breach in Defendants' fiduciary duties, 3) the breach proximately caused the Plaintiffs' lost opportunity to participate in the BP Settlement Program, and 4) the fact and extent of the Plaintiffs' injuries.[4] The Plaintiffs engaged Professor Benjamin Cooper, a law professor with particular education and experience in professional responsibility, as an expert to analyze the Plaintiffs' claims and opine on the second and third elements of their fiduciary breach claim.

Additionally, Professor Cooper's testimony will provide some insight to the Court on how the Plaintiffs' intend to try this case on the merits.  Professor Cooper's testimony about the common facts and evidence necessary to establish the Defendants' acts constituting breaches of their fiduciary duties and causation demonstrates the Plaintiffs will establish the Defendants' breach and causation with class-wide proof – much of the same class-wide evidence Professor Cooper analyzed and relied upon in preparing his affidavit testimony. Thus, Professor Cooper's affidavit testimony is offered to the Court to assist in determining whether Rule 23's class certification requirements are satisfied.

### ***Professor Cooper's Qualifications***

After graduating from the University of Chicago Law School with honors, Professor

---

[2] Order and Reasons, Doc. 234 at p. 25.
[3] Doc. 265 at p. 2; Doc. 286 at pgs. 7-8; Doc. 272 at pgs. 3, 25, 29, 30, 33, and 34.
[4] *Crist v. Loyacono*, 65 So.3d 837, 843 (Miss.2011).

Cooper clerked for Honorable Anthony J. Scirica on the United States Court of Appeals for the Third Circuit. He then practiced law as a trial attorney for the United States Department of Justice in Washington D.C. for three years. Thereafter, he worked in private practice for approximately six years before moving into academia, where he has taught since 2007.

Currently, he is a Senior Associate Dean at Mississippi's flagship law school, University of Mississippi School of Law.[5] He has been a Professor of Law since 2007 and is now tenured.[6] His courses include Legal Professionalism and Advanced Legal Ethics Seminar among others.[7] Professor Cooper is a member of the Mississippi Bar Ethics Committee and a recent past member of the Mississippi Supreme Court Advisory Committee on Rules.[8] He served in various positions for the Association of American Law Schools (AALS) Section on Professional Responsibility, including Chair.[9] Further, Professor Cooper has written extensively on legal malpractice, professional responsibility, and the duties lawyers owe their clients.[10] He has also expansively lectured and presented on topics related to the professional responsibility of lawyers.[11] Moreover, he has served as an expert in numerous disputes, including many lawyer conflict cases where breaches of a lawyer's fiduciary duty were at issue.[12]

## LEGAL STANDARD

In this diversity case, the Federal Rules of Evidence 702 governs the Defendants' challenge to expert testimony. Generally, the Plaintiffs must establish, by a preponderance of the evidence, that Professor Cooper's expert opinions satisfy Rule 702.[13] Rule 702 is the codification of *Daubert*

---

[5] Doc. 241-47, p. 17.
[6] Doc. 241-47, p. 17.
[7] Doc. 241-47, p. 17.
[8] Doc. 241-47, p. 18.
[9] Doc. 241-47, p. 18.
[10] Doc. 241-47, p. 18-20.
[11] Doc. 241-47, p. 20-25.
[12] Doc. 241-47, p. 25-26.
[13] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

*v. Merrell Dow Pharm., Inc*.[14] As the gatekeeper of expert testimony, the district court enjoys broad discretion in deciding its admissibility.[15] At the outset, the district court must determine whether the proffered expert is qualified by his or her "knowledge, skill, experience, training or education" to render an opinion on the particular subject matter.[16] Then, it must determine whether the expert's opinions are reliable and relevant.[17]

However, at the class certification stage, the Court makes a limited *Daubert* review.[18] It limits its review of the expert's opinion to reliability and relevance to the Rule 23 class certification elements.[19] The Court <u>does **not** consider</u> whether the expert's opinion would satisfy a full *Daubert* review "at the time of trial on issues like causation."[20] It may always conduct a full *Daubert* examination at a more appropriate time.[21] The Court's role at the class certification stage is to determine "whether the plaintiffs' expert evidence is sufficient to demonstrate common questions of fact warranting certification of the proposed class, not whether the evidence will ultimately be persuasive."[22] Accordingly, the Court should exclude an expert's opinion at the class certification stage only if it is so fatally flawed that it is inadmissible as a matter of law.[23]

## ARGUMENT

Here, Defendants argue for the exclusion of Professor Cooper's testimony in that it pertains to the ultimate issue and contains legal conclusions. Their arguments are curious because although the Defendants cite *Daubert* and Federal Rules of Evidence 702, they do not challenge Professor

---

[14] 509 U.S. 579 (1993).
[15] *Daubert*, 509 U.S. at 596; *Wellogix, Inc. v. Accenture*, LLP, 716 F.3d 867, 881 (5th Cir. 2013).
[16] *Wagoner v. Exxon Mobil Corp*., 813 F.Supp.2d 771, 798 (E.D. La.2011) (quoting Fed. R. Evid. 702 Advisory Committee's Note).
[17] *Hodges v. Mack Trucks Inc*., 474 F.3d 188, 194 (5th Cir.2006).
[18] See *Turner v. Murphy Oil USA, Inc.*, CIV.A. 05-4206, 2006 WL 91364, at *3 (E.D. La. Jan. 12, 2006).
[19] *Id*. at 4.
[20] *Id*.
[21] *Id*.
[22] *Id*. (citing *In re: Visa Check/Master Money Antitrust Litig*., 280 F.3 124, 135 (2nd Cir. 2001)).
[23] *Id*.

Cooper's qualifications, the reliability of his testimony, or the relevance of his testimony. Rather, the Defendants challenge only the scope of his testimony under Federal Rules of Evidence 704, which is premature at this juncture.

## I.   **The Defendants' Motion is Premature**

The Defendants' motion is premature because it invites the Court to make a full *Daubert* examination of Professor Cooper's affidavit in considering the scope of his testimony to the jury before he has rendered his final expert opinions and report. At this early stage of the litigation, discovery on the merits has not yet commenced. Hence, in Paragraph 2 of his affidavit, Professor Cooper unequivocally states the scope of his testimony is a "preliminary analysis,"[24] not a final report. Accordingly, this evidentiary challenge to the scope of his testimony is more appropriate for a motion *in limine* before trial, not in this motion to strike at the class certification stage.[25]

For instance, in *Saiyed v. Council on American-Islamic Relations Action Network, Inc.*, the court considered a motion to strike an expert report on the grounds that it contained legal conclusions, just as the Defendants request from this Court. In *Saiyed*, the court noted that legal expert's report may contain legal conclusions, however, the court declined to strike the report because striking the entire report is overly broad when only certain opinions are inadmissible.[26] The court stated the defendant's remedy to objections to certain sections of an expert report or anticipated testimony is to object if and when an expert testifies, not a mid-proceeding motion to strike.[27] Ultimately, the *Saiyed* court held the defendant's motion to strike was premature because "in the interest of judicial efficiency and economy ... that imposing actual **_limitations on the scope of expert testimony_** be addressed in the form of a motion *in limine* immediately prior to trial ... and

---

[24] Doc. 241-47, p. 1.
[25] See *Saiyed v. Council on Am.-Islamic Relations Action Network, Inc.*, 321 F.R.D. 455, 459 (D.D.C.2017).
[26] *Id.*
[27] *Id.*

after Plaintiffs have determined whether they will use [the experts]."[28]

Just as in *Saiyed*, this Court should deny the Defendants' mid-proceeding motion to strike Professor Cooper's "report." Professor Cooper has not yet even authored a final report for the Defendants to challenge. Rather, they prematurely challenge the scope of his affidavit testimony. Analogous to the premature evidentiary challenge in *Saiyed*, this Court should deny the Defendants' motion.

Furthermore, the Plaintiffs have not yet determined what testimony from Professor Cooper they will present to the jury. Since Professor Cooper's affidavit testimony is presented to this Court, not the trier of fact, for class certification purposes, the Court simply needs not to determine which part of his preliminary analysis can be presented to the jury at this juncture. Whether his testimony contains legal conclusions, which it does not, is immaterial at this pre-trial stage of the litigation. The Defendants' argument that Professor Cooper's affidavit testimony invades the province of the jury falls flat. The Court may give Professor Cooper's testimony whatever weight it deems appropriate in deciding the Plaintiffs' class certification motion.[29]

## II.    **Professor Cooper's Testimony is Permitted by Federal Rules of Evidence 704**

Professor Cooper's affidavit testimony is admissible. The Defendants erroneously argue that his affidavit testimony should be excluded because it "speaks to the ultimate issues to be determined by the trier of fact."[30] However, Federal Rules of Evidence 704 expressly provides: "An opinion is not objectionable just because it embraces an ultimate issue." Thus, while legal conclusions are inadmissible, experts such as Professor Cooper are expressly permitted to opine on ultimate issues. In fact, where a conflict of interest is at issue, such as here, courts routinely

---

[28] *Id.* (quoting *Iacangelo v. Georgetown Univ.*, 560 F.Supp. 53, 59 (D.D.C. 2008) (emphasis added).
[29] See generally *Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir.2019).
[30] Doc. 281-1, p. 21.

want to hear from legal experts on what constitutes a conflict. In the Fifth Circuit and Mississippi, lawyers are often tendered as experts when attorney conduct or conflict is at issue.

For instance, in *Geiserman v. MacDonald*, the Fifth Circuit held a legal expert is necessary to establish a breach of a <u>fiduciary duty or a conflict of interest</u>, which is precisely what the Plaintiffs claim here.[31] Likewise, in *Baker & McKenzie, LLP v. Evans*, the Mississippi Supreme Court considered a case in which lawyers testified as experts where the plaintiffs made legal malpractice claims against the defendants based upon the defendants conflicts of interest and fiduciary duty breaches.[32] The plaintiffs' claims in *Baker*, parallel those made by the Plaintiffs here. Moreover, in *Baker*, the court found a legal expert's testimony that the defendants' "multiple breaches of professional and fiduciary duties caused [the Plaintiffs' damages]" to be admissible and probative to the Plaintiffs' fiduciary breach claims.[33] Similarly, in *Bacallao v. Madison Cty.*,[34] the Court allowed an expert to explain the fiduciary duty of communication owed by lawyers to their clients under Mississippi law, just as Professor Cooper opined here. In *Bacallao*, the legal expert analyzed the evidence and opined on the ultimate issue of whether the defendant breached the duty to communicate with the client.[35]

Additionally, *Cary Oil Co., Inc. v. MG Refining & Marketing, Inc.* is a case with significant parallels to the Defendants' present motion.[36] In *Cary*, Marcel Kahan, a law professor, was tendered as a legal expert to explain the standards for governing a company and the concept of

---

[31] 893 F.2d 787, 794 (5th Cir. 1990). See also *Simpson v. James*, 903 F.2d 372 (5th Cir. 1990) (allowing attorney expert testimony on the conflicts of interest in representing both parties to a business transaction).
[32] 123 So.3d 387, 404 (Miss. 2013). See also *Forbes v. St. Martin*, 145 So.3d 1184 (Miss. Ct. App. 2013) (allowing attorney experts from plaintiff and defendant to testify in a legal malpractice case concerning the lawyer's breach of fiduciary duty, and one expert testified to the ultimate issue of whether the defendant lawyer's conduct was a breach of his fiduciary duty owed to the plaintiff).
[33] *Id.*
[34] 269 So.3d 139, 149 (Miss. Ct. App.2018), *reh'g denied* (Aug. 21, 2018), *cert. denied*, 258 So.3d 285 (Miss.2018).
[35] *Id.*
[36] 99 CIV. 1725 (VM), 2003 WL 1878246, at *6 (S.D.N.Y. Apr. 11, 2003).

piercing the corporate veil to the jury.[37] Just as the Defendants argue here, the defendants in *Cary* argued Professor Kahan's testimony, which was foreshadowed by his <u>final expert report</u>, would contain legal conclusions and interfere with the court's instruction of the law to the jury.[38] After analyzing Federal Rules of Evidence 704, the court disagreed and held Professor Kahan's testimony was not a legal conclusion that invaded the province of the jury.[39]

Analogously, Professor Cooper's testimony about his analysis of the evidence and how the evidence in this case may establish the Defendants breached the duties they owed to the Plaintiffs is merely opinion testimony on the ultimate facts, as expressly permitted by Federal Rules of Evidence 704. An opinion on an ultimate fact is one that involves questions of fact that can be established through expert testimony.[40]

For instance, Professor Cooper opined on an ultimate issue when he testified that the Defendants breached their fiduciary duties of loyalty and fidelity when they accepted concurrent representation which materially affected their ability to represent their clients' interests.[41] Plainly put, Professor Cooper's statement is not a legal conclusion because it involves questions of fact based on his opinion and analysis of the evidence presented to him.[42] His testimony will not interfere with the Court's instruction of the law to the jury – because class certification is the Court's function.

Hence, here at the class certification stage of this litigation, the Court must conduct a limited *Daubert* evaluation to determine whether he is qualified to render his testimony and whether his testimony is reliable and relevant to the Rule 23 class certification considerations.[43]

---

[37] *Id*. at 5-6.
[38] *Id*. at 5.
[39] *Id*.
[40] *Id*.
[41] Doc. 241-47, p. 10.
[42] See *Cary*, 2003 WL 1878246, at *6.
[43] *Turner*, 2006 WL 91364, at *3-4 (quoting *Visa Check*, 280 F.3d at 135)).

III.   __Professor Cooper's Expert Testimony is Admissible for Class Certification__

Professor Cooper's affidavit testimony is admissible for class certification because he is uniquely qualified to opine on the standards of conduct applicable to the Defendant lawyers, his testimony is reliable, and his testimony is relevant and probative to class certification issues.[44] As the Court is aware, not only is a limited *Daubert* evaluation used by this Court, but it is also warranted because Professor Cooper's affidavit testimony is presented only to this Court at this juncture.   Accordingly, just as if the Court was the finder of fact, "[m]ost of the safeguards provided for in *Daubert* are not as essential" for Professor Cooper's class certification testimony.[45]

### A.   *Professor Cooper's Qualifications are Unchallenged*

Professor Cooper's résumé, discussed *supra*, leaves no room for Defendants to challenge his qualifications to opine on whether Defendants' conduct constituted breaches in their duties (fiduciary and standard of conduct). Accordingly, the Defendants make no such challenge.

### B.   *Professor Cooper's Testimony is Reliable*

Like his qualifications, the reliability of Professor Cooper's testimony is unchallenged. Generally, expert testimony is reliable when it is more than a subjective belief or unsupported speculation.[46]   In the class certification context, the Plaintiffs must show only that his opinion "contains no flaws that would render it inadmissible as a matter of law: the methodology must show some hallmarks of reliability . . . such as use of generally-accepted standards or methods."[47]

Here, the Plaintiffs easily carry their burden because Professor Cooper's testimony is based

---

[44] *Id*. (Judge Fallon articulates this standard for considering the admissibility of an expert's opinion for class certification purposes after analyzing *Visa Check*, 280 F.3d at 135. The Court cites *In re Polypropylene Carpet Antitrust Litig*., 996 F.Supp 18, 26, (N.D.Ga. 1997) for employing a similar standard.).

[45] *Adriatic Marine, LLC v. Harrington*, CV 19-2440-WBV-KWR, 2020 WL 748024, at *5 (E.D. La. Feb. 14, 2020) (quoting *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)).

[46] *Daubert*, 509 U.S. at 590.

[47] *Turner*, 2006 WL 91364, at *4.

on "generally-accepted standards" – Mississippi law.[48] In his preliminary analysis, Professor Cooper explains the duties lawyers owe their clients under Mississippi law governing professional responsibility and the Mississippi Rules of Professional Conduct, and he applied the available facts and evidence to formulate the basis of his testimony.[49] As a legal expert, he has used similar methodology in other malpractice cases.

Moreover, Professor Cooper's methodology is commonly used by legal expert witnesses when attorney conduct (misconduct) is at issue. As discussed, *supra*, legal experts are often necessary to establish the standard of care and standard of conduct applicable to lawyers as well as the proximate cause in breaches of those duties. Here, Professor Cooper's opinions and methodology are analogous. He identifies and cites the evidence on which he based his opinions and applied those facts to the applicable law to reach his preliminary opinions. Further, just as the experts in the aforementioned cases, Professor Cooper's expert testimony is substantiated by the facts and evidence. Accordingly, it is reliable and trustworthy.

### C. *Professor Cooper's Testimony is Relevant to Rule 23*

At class certification stage, Professor Cooper's testimony satisfies the limited *Daubert* review because it is probative to the issues of class certification.[50] Similar to qualification and reliability, the Defendants do not challenge the relevancy of Professor Cooper's testimony because it directly relates to Rule 23's commonality, predominance, and superiority requirements. Rather, Defendants again use this Motion to make their tunnel-visioned arguments as to the multitude of negligent acts committed by the joint venture Defendants in an attempt to disguise the underlying root cause of Defendants' breaches.  The facts that Professor Cooper considered to be material to

---

[48] See *id.*
[49] Doc. 241-47
[50] *Turner*, 2006 WL 91364, at *4.

his analysis, including Mississippi's professional responsibility doctrines, are common to all members of the Proposed Class. Accordingly, application of those facts to the legal doctrines will predominate this litigation. Consequently, class action is the superior method of adjudicating the Plaintiffs' common claims against these common Defendants.

For example, Professor Cooper opined the Defendants breached their duty of loyalty to all Plaintiffs when they continued to engage clients shortly before the filing deadline rather than focusing on their existing clients.[51] He further testified that, based upon the undisputed evidence, that Defendants put their own interests ahead of and in conflict with their clients' interests, which contravenes the fiduciary duties of loyalty and fidelity.[52] Professor Cooper identified the facts upon which he based his opinions - Paragraphs 20 - 27, and those facts are common to all proposed class members.[53] Candidly, Professor Cooper opined that Defendants' decision to "maximize client volume rather than give the required care and attention to each individual case" to be particularly apparent and egregious.[54]

Not one fact relied upon or considered by Professor Cooper, in rendering his preliminary analysis of the Plaintiffs' claims, was unique or specific to an individual Plaintiff. His affidavit offers a potential preview of how trial on the merits will proceed – like a traditional trial with class-wide proof to establish class-wide claims. In no uncertain terms, the issues addressed by Professor Cooper will predominate this litigation. Therefore, the Court should easily find his affidavit testimony probative and appropriate for Rule 23 analysis.

---

[51] Doc. 241-47, p. 10.
[52] Doc. 241-47, p. 10.
[53] Doc. 241-47, p. 6 – 9.
[54] Doc. 241-47, p. 11 – 12.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' Motion to Exclude Evidence and Testimony from Plaintiffs' Legal Expert Benjamin P. Cooper and to Strike His Expert Report.

RESPECTFULLY SUBMITTED:

/s/ Jerald P. Block
**BLOCK LAW FIRM, APLC**
JERALD P. BLOCK, Bar Roll No. 3151
RICHARD C. BREAUX, Bar Roll No. 33740
KENDALL J. KRIELOW, Bar Roll No. 34625
SARAH M. LAMBERT, Bar Roll No. 38312
MATTHEW P. HYMEL, Bar Roll No. 38283
422 East First Street
Post Office Box 108
Thibodaux, Louisiana 70302
(985) 446-0418 Telephone
(985) 446-0422 Facsimile

Counsel for Plaintiffs and Plaintiff Class Members

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2020 a copy of the foregoing has been electronically filed by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.

/s/ Jerald P. Block
JERALD P. BLOCK