# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

DEBORAH A. GAUDET, ET AL.                    CIVIL ACTION

VERSUS                                       NO. 19-10356-WBV-JVM

HOWARD L. NATIONS, APC, ET AL.               SECTION: D (1)

## ORDER AND REASONS

Before the Court is The Nicks Law Firm, LLC's and Shantrell Nicks' Rule 12(b)(6) Motion for Partial Dismissal as to Fraud.[1]  Plaintiffs oppose the Motion,[2] and The Nicks Law Firm, LLC and Shantrell Nicks have filed a Reply.[3]  After careful consideration of the parties' memoranda and the applicable law, the  Motion is **GRANTED**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In the interest of judicial economy, and because the factual background of this case was extensively detailed in the Court's October 16, 2020 Order and Reasons,[4] the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

This is a class action lawsuit to recover damages arising from the alleged actions and inactions committed by certain attorneys and law firms while representing the interests of the proposed class members in the Deepwater Horizon

---

[1] R. Doc. 239.
[2] R. Doc. 240.
[3] R. Doc. 254.
[4] *See*, R. Doc. 234.

Economic and Property Damage Settlement Program (the "BP Settlement Program"), in which members of the Economic and Property Damages Settlement Class ("BP Class") made claims to be compensated for their subsistence losses caused by the Deepwater Horizon catastrophe that occurred on April 20, 2010 and the resulting oil spill.[5]  On May 13, 2019, Deborah A. Gaudet and Ray Gaudet ("the Gaudets") filed a Class Action Complaint in this Court, individually and on behalf of all others similarly situated, asserting two claims – breach of contract and fraud – against Howard L. Nations, APC, The Nicks Law Firm, LLC, Rueb & Motta, APLC, Joseph A. Motta, Attorney at Law, APLC and The Rueb Law Firm, APLC (collectively, the "Law Firm Defendants").[6]  The Gaudets alleged that they were among the many people who engaged the Law Firm Defendants to file a subsistence claim for damages as a result of the oil spill and that the Law Firm Defendants, despite advising Plaintiffs that their claim had been denied, never actually filed a claim for their losses.[7]  The Gaudets asserted that the Court had jurisdiction over the case pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act of 2005 ("CAFA").[8]

    In response to several motions to dismiss,[9] the Gaudets subsequently filed a First Amended Class Action Complaint (the "First Amended Complaint") on September 4, 2019, removing Ray Gaudet as a plaintiff and naming nine additional plaintiffs: Timothy Butler, Dian B. Campbell, Kristine Collins, Regina Falgoust,

---

[5] R. Doc. 1 at Introduction Paragraph & ¶ 1; R. Doc. 45 at Introduction Paragraph & ¶ 1; R. Doc. 236 at Introduction Paragraph & ¶ 1.
[6] R. Doc. 1.
[7] *Id*. at Introduction Paragraph.
[8] *Id*. at ¶ 4.
[9] *See* R. Docs. 39 & 43.

Abraham Gamberella, Adam J. Hebert, Fred Ledet, Stanwood Moore, Jr., and James Scales, III.[10]  The First Amended Complaint alleges that the Law Firm Defendants failed to file a subsistence claim for Gaudet, Butler, Campbell, Collins, Hebert, Ledet, and Scales, and filed incomplete claims for Falgoust, Gamberella, and Moore.[11]  In response to several motions to dismiss,[12] Plaintiffs filed a Second Amended Class Action Complaint (the "Second Amended Complaint") on November 20, 2019.[13]  The Second Amended Complaint incorporated by reference all allegations contained in the First Amended Complaint, and named five attorneys from the Law Firm Defendants as additional defendants – Howard L. Nations, Cindy L. Nations, Shantrell Nicks, Gregory D. Rueb, and Joseph A. Motta.[14]

On October 16, 2020, this Court issued an Order and Reasons, denying The Nicks Law Firm, LLC's and Shantrell Nicks' (collectively, the "Nicks Defendants") Motion to Dismiss and/or to Strike Allegations.[15]  The Court held that: (1) it has subject matter jurisdiction in this matter under CAFA; (2) the Nicks Defendants had failed to prove that the class allegations should be stricken or dismissed under Fed. R. Civ. P. 23(d)(1)(D) or Fed. R. Civ. P. 12(b)(6); and (3) the Second Amended Complaint failed to state a claim against Shantrell Nicks, individually, for breach of contract or fraud.[16]  The Court found it appropriate to give Plaintiffs an opportunity to amend their complaint to cure the deficiencies as to the breach of contract and

---

[10] R. Doc. 45.
[11] *Id.* at Introduction Paragraph.
[12] R. Docs. 47, 48, 49, 57, 58 & 59.
[13] R. Doc. 99.
[14] *Id.*
[15] R. Doc. 234.
[16] *Id.* at pp. 15-31.

fraud allegations against Shantrell Nicks.[17]   The Court also afforded the Nicks Defendants an opportunity to renew their motion to dismiss the breach of contract and fraud claims asserted against Shantrell Nicks, individually, following the filing of any amended complaint.[18]

On October 30, 2020, Plaintiffs timely filed a Third Amended Class Action Complaint (the "Third Amended Complaint") against the Law Firm Defendants, Howard L. Nations, Cindy L. Nations, Shantrell Nicks, Gregory D. Rueb, and Joseph A. Motta, again asserting claims for "breach of contract and legal malpractice" and fraud.[19]   In the Third Amended Complaint, Plaintiffs assert that they seek to certify a class based upon their breach of contract and legal malpractice claims.[20]

On November 9, 2020, the Nicks Defendants filed the instant Rule 12(b)(6) Motion for Partial Dismissal as to Fraud, asserting that Plaintiffs' Third Amended Complaint fails to remedy the pleading deficiencies found by the Court in its October 16, 2020 Order and Reasons, and fails to state a claim for fraud against the Nicks Defendants.[21]   The Nicks Defendants first note that because Plaintiffs seek class certification only as to their breach of contract and legal malpractice claims, their claim for fraud must be asserted individually by the named plaintiffs.[22]   The Nicks Defendants argue that the Third Amended Complaint contains no substantive factual allegations that any named plaintiff, or even any putative class member, had any

---

[17] *Id*. at pp. 30-31.
[18] *Id*. at p. 31.
[19] R. Doc. 236 at ¶¶ 3, 43-69.
[20] *Id*. at ¶ 36.
[21] R. Doc. 239.
[22] R. Doc. 239-1 at p. 2.

interactions whatsoever with the Nicks Defendants, that the Nicks Defendants made any misrepresentations to them, or that the Nicks Defendants had any involvement in the making of any misrepresentations.[23]  The Nicks Defendants contend that Plaintiffs continue to rely on impermissible group pleading and have not, and cannot, directly attribute any allegedly fraudulent conduct to the Nicks Defendants.  The Nicks Defendants point out that there are only 13 allegations regarding the Nicks Defendants' conduct in the Third Amended Complaint, and that the Nicks Defendants are not mentioned in Paragraph 33 of the Complaint, which Plaintiffs claim contains allegations of "specific fraudulent conduct related to the proposed Class representatives."[24]  The Nicks Defendants maintain that the Third Amended complaint does not satisfy Fed. R. Civ. P. 9(b)'s particularity requirement to state a claim of fraud against the Nicks Defendants and, therefore, the claim should be dismissed.[25]

The Nicks Defendants argue that under Louisiana's choice-of-law analysis, Louisiana law should govern Plaintiffs' fraud claim.[26]  The Nicks Defendants further assert that the failure to plead fraud with particularity under Fed. R. Civ. P. 9(b) is treated as a failure to state a claim upon which relief can be granted under Rule 12(b)(6).[27]  The Nicks Defendants argue that the Third Amended Complaint fails to state a claim for fraud against them under the foregoing standards because it

---

[23] *Id.*

[24] *Id.* at pp. 3-4 (*quoting* R. Doc. 236 at pp. 3, 13, 17, 28, 29, 70 & ¶ 60) (internal quotation marks omitted).

[25] R. Doc. 239-1 at p. 4.

[26] *Id.* at p. 5, n. 2.

[27] R. Doc. 239-1 at p. 6 (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1997)).

contains no factual allegations to show that the Nicks Defendants personally made any misrepresentations or fraudulently concealed any facts or information from Plaintiffs.[28]  The Nicks Defendants assert that the Third Amended Complaint does not identify them as "the speaker" of any alleged misstatements, does not state "when and where" any alleged misstatement was made, nor does it explain why any statement the Nicks Defendants made was fraudulent.[29]  The Nicks Defendants contend that the Third Amended Complaint fails to identify a single statement, act, or omission by Shantrell Nicks that could be construed as fraudulent.  Thus, even given the most generous construction, the Nicks Defendants argue that the allegations against them do not rise above the level of negligence.[30]  As such, the Nicks Defendants assert that the fraud claims against them should be dismissed with prejudice. Noting that "Plaintiffs are on their *fourth* iteration of the complaint," the Nicks Defendants argue that Plaintiffs should not be allowed yet another opportunity to amend their complaint to cure the defect.[31]

Plaintiffs oppose the Motion, asserting that the Third Amended Complaint alleges sufficient facts to state a fraud claim against the Nicks Defendants based upon its allegations of fraud committed by the joint venture formed by all of the named defendants, including the Nicks Defendants.[32]  Plaintiffs argue that under Mississippi law, the law selected by the defendants in their joint venture contract,

---

[28] R. Doc. 239-1 at p. 6.
[29] *Id*. at pp. 6-7 (quoting *In re JCC Envtl., Inc.,* 575 B.R. 692, 699 (E.D. La. 2017); *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp*., 565 F.3d 200, 207 (5th Cir. 2009); *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 605 (5th Cir. 1974)) (internal quotation marks omitted).
[30] R. Doc. 239-1 at p. 7.
[31] *Id*. at pp. 7-8.
[32] R. Doc. 240 at pp. 1-2.

the members of a joint venture are bound by the acts of the other members acting in the course and scope of the joint venture.[33]  Plaintiffs claim that it is "indisputable" that the Nicks Defendants "are liable for each and every single act of any joint venture member committed within the course and scope of the joint venture – including every single act of fraud alleged in the Complaint."[34]  Plaintiffs argue that, because they have now alleged sufficient facts to establish the existence of a joint venture under Mississippi law, and because attorneys are personally liable for their professional services and persons under their direct supervision and control, Shantrell Nicks is personally responsible for her own conduct, her firm's conduct, and the conduct of each and every member of the joint venture and its employees.[35]

Plaintiffs further assert that the Nicks Defendants have ignored "the Defendants' Mississippi choice-of-law provision, which is presumed to be enforceable," but argue that they have adequately pled the elements of fraud under both Mississippi and Louisiana substantive law.[36]  Plaintiffs also claim that their allegations comply with Fed. R. Civ. P. 9(b)'s particularity requirement, pointing to six specific allegations in the Third Amended Complaint, which concern actions taken by the "Defendants," the "joint venture partners," and the "joint venture."[37]  As for allegations specific to the Nicks Defendants, Plaintiffs point out that the Third Amended Complaint alleges that "all Defendants, including Howard Nations, Cindy

---

[33] *Id.* at p. 2 (quoting *Braddock Law Firm, PLLC v. Becnel*, 949 So.2d 38, 50 (Miss. Ct. App. 2006)) (internal quotation marks omitted).
[34] R. Doc. 240 at pp. 2, 5, 8.
[35] *Id.* at p. 5 (citations omitted).
[36] *Id.* at pp. 5-6.
[37] *Id.* at p. 7 (*quoting* R. Doc. 236 at ¶¶ 27, 30, 33, 53, 55, 59, 66).

Nations, and Shantrell Nicks, eventually participated in managing the activities of the call center," which Plaintiffs allege was falsely telling clients that their claims were still pending when they were ineligible for review, and that the fraudulent denial letters were mailed "with final approval of all members of the joint venture," which necessarily includes the Nicks Defendants per the joint venture contracts.[38] Plaintiffs contend that because a joint venture has been alleged, it does not matter which joint venture defendant is alleged to have committed the fraud because "fraud committed by one is fraud committed by all."[39] Plaintiffs claim that because the Third Amended Complaint defines "Defendants" as all of the named defendants, "each time the word 'Defendants' is used, it refers collectively to all named Defendants as per their joint venture agreement."[40] Alternatively, if the Court finds the fraud allegations as to the Nicks Defendants are insufficient, Plaintiffs request an opportunity to amend their Complaint again after allowing a reasonable time for the completion of all fraud-related discovery.[41]

In response, the Nicks Defendants assert that Plaintiffs cannot avoid compliance with Rule 9(b) by vaguely alleging the existence of a joint venture.[42] Contrary to Plaintiffs' assertion, the Nicks Defendants point out that the joint venture contract, a copy of which is included in the Third Amended Complaint, does not contain any choice-of-law provision.[43] Nonetheless, the Nicks Defendants argue

---

[38] R. Doc. 240 at p. 8.
[39] *Id.*
[40] *Id.* at pp. 8-9 (*citing* R. Doc. 236 at ¶ 3).
[41] R. Doc. 240 at p. 9.
[42] R. Doc. 254 at p. 1.
[43] *Id.* at p. 2 (*citing* R. Doc. 236 at pp. 26-27).

that a choice-of-law provision would not automatically control the law governing Plaintiffs' tort claims, and that a conflict of laws analysis must be performed.[44] The Nicks Defendants assert that under such an analysis, the substantive law of Louisiana should govern Plaintiffs' fraud claims.[45] The Nicks Defendants maintain that Plaintiffs must plead fraud with particularity under Fed. R. Civ. P. 9(b), regardless of the existence of a joint venture, and that Plaintiffs' group and collective pleading approach does not satisfy Rule 9(b).[46] The Nicks Defendants further assert that under Louisiana law, solidarity of an obligation is never presumed, and will arise only from a clear expression of the parties; intent or from the law.[47] The Nicks Defendants claim that there is no manifestation that the parties clearly intended to be solidarily bound in this case. The Nicks Defendants reiterate that the Third Amended Complaint does not allege that any of the named plaintiffs ever interacted with the Nicks Defendants, that the Nicks Defendants ever made any misrepresentations to them, nor does it contain any specific allegations of fraudulent conduct by them. As such, the Nicks Defendants maintain that Plaintiffs' fraud claims against them must be dismissed.

---

[44] R. Doc. 254 at p. 2, n.1.
[45] *Id.* at pp. 2-3.
[46] *Id.* at pp. 3-4.
[47] *Id.* at p. 4 (*quoting* La. Civ. Code art. 1796) (internal quotation marks omitted).

## II.     LEGAL STANDARD

### A.  Rule 12(b)(6) Standard

It is well-settled in this Circuit that motions to dismiss under Fed. R. Civ. P. 12(b)(6) are viewed with disfavor and are rarely granted.[48]  To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[49]  A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[50]  But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[51] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[52]  However, the factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[53]   "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[54]  In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[55]  The

---

[48] *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (quoting *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).

[49] *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

[50] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).

[51] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

[52] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

[53] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[54] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).

[55] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).

Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[56]

### III.   ANALYSIS

### A.  Plaintiffs have failed to state a claim against the Nicks Defendants for fraud.

For essentially the same reasons set forth in the Court's October 16, 2020 Order and Reasons, the Court finds that Plaintiffs' Third Amended Complaint fails to state a claim for fraud against either of the Nicks Defendants.  As the Court previously explained, Fed. R. Civ. P. 9(b) requires that a plaintiff alleging fraud must state the circumstances constituting fraud with particularity.[57]  The Fifth Circuit has instructed that, "We treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[58]  Additionally, "Fifth Circuit precedent interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[59]  The Fifth Circuit has further held that fraud may be pleaded on information and belief when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge.[60]

---

[56] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).

[57] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (*citing* Fed. R. Civ. P. 9(b)).

[58] *Lovelace*, 78 F.3d at 1017 (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)).

[59] *In re JCC Env't Inc.*, 575 B.R. 692, 699 (E.D. La. 2017) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009)) (internal quotation marks omitted).

[60] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (citing *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

Plaintiffs' Third Amended Complaint does not satisfy this standard.  Plaintiffs' fraud claims are contained in Paragraphs 52 through 68, and detail how the "Defendants" took certain actions, including keeping their intake facilities open until late in the evening on June 8, 2015 to continue to solicit and accept representation for new subsistence claimants and setting up a call center to solicit new clients prior to the June 8, 2015 deadline for filing subsistence claims.[61]  Plaintiffs allege that Defendants' "assembly-line process, to solicit and engage as many clients as possible by misrepresenting to the claimants that their claims would be properly and timely filed by the deadline, was clearly intended to provide an economic benefit to the Defendants and a concomitant detriment to their clients."[62]  Plaintiffs further allege that, "pursuant to Defendants' direction" the field agents explicitly promised and assured claimants that their packets were complete and that their claims would be timely filed, and that, "Defendants' verbal misrepresentations were made with knowledge of their falsity, and with the intention that Plaintiff Class members would rely on these false and misleading promises."[63]  Plaintiffs further assert that, "Defendants intentionally misrepresented and fraudulently concealed from their clients that their respective Subsistence Claim had either not been filed by the deadline or lacked documentation required by the BP Settlement Agreement in order to be compensated for their losses (despite such documentation being readily available to Defendants through the DHECC portal)."[64]  Plaintiffs also allege that,

---

[61] R. Doc. 236 at ¶¶ 53, 57.
[62] *Id*. at ¶ 54.
[63] *Id*. at ¶¶ 55-56.
[64] *Id*. at ¶ 61.

"Defendants mailed Plaintiff Class members form letters that falsely stated that BP had denied their claims."[65]  Plaintiffs allege that, "As a direct and proximate result of Defendants' deceptive tactics, actual fraud, intentional misrepresentations, and concealment of material information, the Plaintiff Class members lost the opportunity to be compensated for their economic losses."[66]

In its previous Order, after detailing the allegations made in the Complaint against the *defendants*, generally, the Court walked Plaintiffs through the requirements for pleading fraud. "Plaintiffs, however, provide no specific details regarding the 'who, what, when, where, and how' of the alleged fraud that was perpetrated through these written or oral communication by Defendants, and make no allegations regarding Shantrell Nicks' personal involvement therein."[67] The Court then allowed Plaintiffs the opportunity to amend their complaint to address those issues. The Court again finds that Plaintiffs have provided no specific details regarding the "who, what, when, where, and how" of the alleged fraud that was perpetrated through these written or oral communications by Defendants, despite having been provided an opportunity to amend to cure these very deficiencies. The Court further finds that these allegations in the Third Amended Complaint do not reference either of the Nicks Defendants, nor do they mention any specific actions taken by them that were allegedly fraudulent. The Third Amended Complaint contains only one specific reference to the Nicks Defendants in the paragraphs

---

[65] *Id*. at ¶ 62.
[66] *Id*. at ¶ 67.
[67] R. Doc. 234.

outlining Plaintiffs' claim for fraud.  Plaintiffs allege that, "Defendants set up a call center for soliciting new clients prior to the June 8, 2015 deadline,"[68] and that, "As client demand increased, all Defendants, including Howard Nations, Cindy Nations, and Shantrell Nicks, eventually participated in managing the activities of the call center."[69]  The Court finds this one sentence falls far short of pleading fraud with particularity as to the Nicks Defendants.  The Court recognizes that Plaintiffs further allege that, "Each Defendant had full knowledge, in July 2015, that thousands of joint venture claims had not been properly and/or timely filed.  With that knowledge, it is obvious the joint venture partners directed their call center representatives to intentionally misinform clients that their subsistence claims were 'still pending.'"[70] This allegation, however, amounts to nothing more than pure speculation and fails to provide any details regarding who allegedly told the call center representatives to misinform callers or when, where, and how they did so.  As such, Paragraphs 52 through 68 fail to state a claim of fraud against the Nicks Defendants.

To the extent that the Third Party Complaint alleges that "specific fraudulent conduct related to the proposed Class representatives" can be found in Paragraph 33 therein, the Court finds that Paragraph 33 also fails to allege any fraudulent conduct by the Nicks Defendants with particularity, as required under Rule 9(b).  The Court initially notes that Paragraph 33 is devoid of any references to any of the named defendants. Instead, Paragraph 33 refers to actions allegedly taken by "Defendants,"

---

[68] *Id*. at ¶ 57.
[69] *Id*. at ¶ 58.
[70] *Id*. at ¶ 59.

generally, and asserts, with respect to each named plaintiff, that, "If the Defendants had not intentionally misrepresented and fraudulently concealed the truth from [named plaintiff] that her claim was never filed [or that her claim was filed incomplete], she may have had an opportunity to amend such egregious failures by the Defendants."[71]   These vague allegations fail to provide any specific details regarding actions taken by the Nicks Defendants, as required under Rule 9(b).   As such, the allegations in Paragraph 33 also fail to state a claim of fraud against the Nicks Defendants.

The Court further finds that allegations against the Nicks Defendants elsewhere in the Third Amended Complaint fail to supply any specific information regarding their alleged fraudulent actions.   For instance, Plaintiffs allege that the Nicks Defendants formed a joint venture with the Nations Law Firm and Rueb & Motta, PLC, and that Shantrell Nicks, along with Greg Rueb and Howard L. Nations, traveled to meetings, which were used to solicit clients to file subsistence claims, "to make sure things were running 'smoothly,' confirm the correct and necessary documents were in the facilities, and to see the number of clients attending the meetings."[72]   Plaintiffs also allege the following:

> Shantrell Nicks originally took the lead in processing and filing the claims once the information and documentation had been obtained from the joint venture's Subsistence Claim facilities.   Prior to the joint venture, Nicks and her law firm had been processing and filing BP Subsistence Claims for her own individual Subsistence clients.   Thus, she was the only person, among the joint venture partners, with prior subsistence claims handling experience.   Information and documentation collected from the facilities was therefore delivered

[71] R. Doc. 236 at ¶ 33, pp. 47, 48, 49, 50, 51.
[72] *Id*. at Introduction Paragraph, p. 3.

directly to Nicks' office for processing and filing. Nicks personally filed thousands of claims on behalf of the joint venture, including a volume of claims she personally delivered in a U-Haul truck to one of the DHECC claim facilities. Nicks also personally visited a number of joint venture meeting locations during both their initial organization and during the claims' intake process.[73]

The foregoing allegations, which provide information regarding Shantrell Nicks' general involvement in filing subsistence claims, do not suggest any fraudulent conduct on the part of the Nicks Defendants. As such, these additional allegations also fail to state a claim for fraud against the Nicks Defendants.

To the extent Plaintiffs assert that their fraud allegations are sufficiently pled under Rule 9(b), as well as Mississippi and Louisiana law, because Plaintiffs have alleged the existence of a joint venture under Mississippi law, the Court rejects Plaintiffs' argument as meritless. Plaintiffs have clearly misconstrued the Court's October 16, 2020 Order and Reasons with respect to their joint venture allegations, as the Court previously rejected Plaintiffs' assertion that they had stated a *breach of contract* claim against Shantrell Nicks, individually, based upon her participation in a joint venture with the remaining defendants.[74] The Court reached that conclusion after determining that Mississippi law applied to Plaintiffs' breach of contract claim based upon the choice-of-law provision in the "Attorney-Client Contract," a copy of which was included in the First Amended Complaint, and finding that Plaintiffs had failed to allege sufficient facts to show the existence of a joint venture under Mississippi law.[75] Plaintiffs misinterpret the Court's ruling as indicating that

---

[73] *Id.* at ¶ 18, p. 28.
[74] R. Doc. 234 at pp. 26-27.
[75] *Id.* at pp. 26-28.

Mississippi law governs their fraud claim, and assert that because they have now alleged sufficient facts to show the existence of a joint venture, the Third Amended Complaint states a claim for fraud against the Nicks Defendants, who they claim are liable for every act of fraud committed by any joint venture member.[76]

Contrary to Plaintiffs' assertion, the purported "joint venture agreement," a copy of which is included in the Third Amended Complaint, does not contain a choice-of-law provision.[77] To the extent Plaintiffs are asserting that Mississippi law governs their fraud claims based upon the choice-of-law provision contained in the "Attorney-Client Contract," that provision specifies that, "This Contract shall be construed under and in accordance with the laws of the State of Mississippi, and all obligations of the parties created hereunder are performable in Mississippi."[78] As explained by one of our sister courts, "Courts in this circuit have repeatedly construed similarly worded choice-of-law clauses to apply only to contract claims and not to tort claims arising out of the contractual relationship."[79] Additionally, "Choice of law provisions that refer narrowly to the contract govern only matters of contract interpretation and

---

[76] R. Doc. 240 at p. 2.

[77] *Id.* at p. 2; *See*, R. Doc. 236 at pp. 24-27.

[78] R. Doc. 236 at pp. 33-42.

[79] *McCann v. Best Buy Co., Inc.*, Civ. A. No. 17-00108-BAJ-RLB, 2018 WL 3244999, at *2 (M.D. La. July 3, 2018) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726-27 (5th Cir. 2003) (applying Texas choice-of-law principles and holding that choice-of-law clause stating that the "Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York" applied only to construction and interpretation of the contract and did not encompass plaintiff's claims of fraud and negligent misrepresentation); *Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 433 (5th Cir. 1996) (holding that a choice-of-law clause that applied to the "agreement and its enforcement" did not encompass tort claims because such claims were separate from the agreement and its enforcement)).

enforcement."[80] Thus, the Court agrees with the Nicks Defendants that Plaintiffs' fraud claims are subject to a normal conflict of laws analysis.

The Court, however, need not conduct such an analysis in this case. Under both Louisiana and Mississippi law, the circumstances constituting fraud or mistake must be stated with particularity.[81] The Court has already determined that the Third Amended Complaint fails to allege with particularity any fraudulent actions taken by the Nicks Defendants. Plaintiffs' arguments regarding the existence of a joint venture under Mississippi law do not change that analysis, and Plaintiffs have not cited any legal authority to suggest otherwise. Further, Plaintiffs fail to cite any legal authority to support their bold assertion that, "[I]t is undisputable that Nicks Law Firm, LLC and Shantrell Nicks, individually, are liable for each and every single act of any joint venture member committed within the course and scope of the joint venture – including every single act of fraud alleged in the Complaint."[82] The Court recognizes that, as Plaintiffs correctly assert, Mississippi courts have held that, "Where a joint venture exists, its members are bound by the acts of the other members *acting in the course and scope of the joint venture*."[83] Plaintiffs, however, have not directed the Court's attention to any legal authority indicating that joint venture members can be held liable for *fraudulent acts* committed by other joint venture

---

[80] *Wright's Well Control Servs, LLC v. Oceaneering International, Inc.*, Civ. A. No. 15-1720, 2015 WL 7281618, at *11 (E.D. La. Nov. 16, 2015) (citing authority).
[81] *Watson Laboratories, Inc. v. State*, 241 So.3d 573, 584 (Miss. 2018) (*quoting* M.R.C.P. 9(b)); La. Code Civ. P. art. 856; *Private Connection Property, Inc. v. Fox Cars, LLC*, 2008-1129 (La. App. 4 Cir. 2/10/09), 6 So.3d 866, 872; *Jones v. Arias*, 2010-0165 (La. App. 4 Cir. 12/9/10), 2010 WL 8972257, at *4.
[82] R. Doc. 240 at pp. 2, 5, 8.
[83] *Braddock Law Firm, PLLC v. Becnel*, 949 So.2d 38, 50 (Miss. Ct. App. 2006) (citing *Duggins v. Guardianship of Washington ex rel. Huntley*, 632 So.2d 420, 427 (Miss. 1993); Miss. Code Ann. § 79-12-17 (Rev. 2001)) (emphasis added).

members, and the Court has found none. Further, one of our sister courts has recognized that, under Texas law, "It is not clear whether joint enterprise liability arises in one joint venturer based on the *intentional* tortious activity of another, such as fraud. In fact, the language of *Able* suggests that it does not."[84] Thus, to the extent the Third Amended Complaint may state a claim of fraud against any of the other alleged joint venture members,[85] Plaintiffs have not shown that such allegations are sufficient to state a fraud claim against the Nicks Defendants under Louisiana or Mississippi law. Because the Third Amended Complaint fails to allege any particular facts to support their claim of fraud against the Nicks Defendants, the claim must be dismissed under Rule 12(b)(6).

### B. Leave to Amend is Denied.

In their Opposition brief, Plaintiffs request an opportunity to conduct fraud-related discovery and to amend their complaint again if the Court finds the fraud allegations insufficient as to the Nicks Defendants.[86] The Court denies both of Plaintiffs' requests. While the Court will "freely give leave [to amend] when justice so requires,"[87] leave to amend "is by no means automatic."[88] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[84] *Durrett v. Pauley*, 558 F. Supp. 2d 718, 721 (E.D. Tex. 2007) (citing *Texas Dep't of Transp. v. Able*, 35 S.W. 3d 608, 613 (Tex. 2000) (stating that joint enterprise liability extends liability based on "*negligent* act[s]" of other parties)) (emphasis added by *Durrett* court).
[85] The Court makes no determination as to whether Plaintiffs have stated a claim for fraud against the remaining defendants.
[86] R. Doc. 240 at p. 9.
[87] Fed. R. Civ. P. 15(a).
[88] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[89]

As the Nicks Defendants point out, Plaintiffs are on their fourth iteration of the complaint, which has been amended three times.[90]  In our October 16, 2020 Order and Reasons, the Court notified Plaintiffs that the allegations in their Second Amended Complaint failed to allege fraud with sufficient particularity as to Shantrell Nicks, individually.[91]  Despite affording Plaintiffs an opportunity to amend their complaint to specifically address that deficiency,[92] Plaintiffs' Third Amended Complaint again fails to allege fraud against the Nicks Defendants with particularity. Thus, Plaintiffs have already had three opportunities to amend their complaint, and in the third instance, the Court granted Plaintiffs leave to amend specifically to cure the complaint's lack of particularity with respect to the fraud claims asserted against Shantrell Nicks, individually.  That is the same basis upon which Plaintiffs now argue they should be allowed to amend for a fourth time.  Plaintiffs have not provided the Court with any reason as to why this was not addressed in drafting its previous amended complaints, or any indication that the result would be different if afforded yet another opportunity to amend.  The Court declines that request, as the Fifth Circuit has made clear that a plaintiff should not be granted leave to amend after being afforded repeated opportunities to do so.[93]

---

[89] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).

[90] *See*, R. Docs. 1, 45, 99, 236.

[91] R. Doc. 234 at pp. 28-30.

[92] *Id*. at pp. 30-31.

[93] *See*, *Torch Liquidating Trust ex rel. Bridge Assoc. LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (finding that plaintiff had ample opportunity to cure noted defects through a prior amendment and

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that The Nicks Law Firm, LLC's and Shantrell Nicks' Rule 12(b)(6) Motion for Partial Dismissal as to Fraud[94] is **GRANTED** and Plaintiffs' claims of fraud asserted against Shantrell Nicks, individually, and the Nicks Law Firm, LLC, are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, June 8, 2021.

*Wendy B. Vitter*

**WENDY B. VITTER**
**United States District Judge**

---

that "justice does not require allowing plaintiff additional opportunity to amend"); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (noting that the Louisiana court had refused to allow a third amended complaint, stating that "pleading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right"); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (holding leave to amend was properly denied where the relator had previously filed two amended complaints).
[94] R. Doc. 239.