UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. GAUDET, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10356-WBV-JVM** |
| **HOWARD L. NATIONS, APC, ET AL.** | **SECTION: D (1)** |

### ORDER and REASONS

Before the Court is Plaintiffs' Motion to Strike Defendants' Motions [Docs. 334, 336, 337, 338 and 339].[1] Howard L. Nations, APC, Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Rueb & Motta, APLC, and the Rueb Law Firm, APLC (collectively, "Defendants") oppose the Motion to Strike.[2]

Also before the Court is Defendants' Motion to Extend the Non-Evidentiary Pretrial Motion Deadline ("Motion for Extension").[3] Plaintiffs oppose the Motion.[4]

After careful consideration of the parties' memoranda and the applicable law, Plaintiffs' Motion to Strike is **GRANTED** and Defendants' Motion for Extension is **DENIED**.

### I.   FACTUAL AND PROCEDURAL HISTORY

In the interest of judicial economy, and because the factual background of this case was extensively detailed in the Court's October 16, 2020 Order and Reasons,[5]

---

[1] R. Doc. 342.
[2] R. Doc. 351.
[3] R. Doc. 344.
[4] R. Doc. 345.
[5] R. Doc. 234.

the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

On November 2, 2020, the Court held a telephone status conference during which the Court granted an unopposed, oral motion by Plaintiffs' counsel to continue the trial and pretrial conference dates, and stated that an amended scheduling order would issue containing the new pretrial deadlines.[6] Later that day, the Court issued an Amended Scheduling Order with new pretrial deadlines,[7] which was the fourth Scheduling Order issued in this case.[8] The Amended Scheduling Order set a May 17, 2021 deadline for the parties to file all non-evidentiary pretrial motions, including motions for summary judgment and motions *in limine* regarding the admissibility of expert testimony.

On May 12, 2021, Plaintiffs filed a Motion to Extend Deadlines, seeking an additional 14 days, or until May 31, 2021, to file all non-evidentiary pretrial motions, and requested expedited consideration thereof.[9] The Court granted the request for expedited consideration on May 13, 2021, and set the matter for a telephone status conference that same day.[10] Defendants filed an Opposition brief before the conference, asserting that the May 17, 2021 pretrial motion deadline "is still workable," that the deadline "can be met on both sides," and that the extension "would through [sic] off course pre-trial deadlines and the trial date."[11] Defendants urged

---

[6] R. Doc. 237.
[7] R. Doc. 238.
[8] *See*, R. Docs. 64, 163, 229.
[9] R. Docs. 316, 317.
[10] R. Docs. 317, 319.
[11] R. Doc. 320 at p. 3.

the Court that, "for the good of all the parties, the May 17 deadline should remain unchanged."[12] Defendants further asserted that, "the extension requested by the Plaintiffs is unreasonably long and such an extension would further threaten to destroy the pre-trial schedule currently established for the July trial."[13]

During the May 13, 2021 telephone status conference, counsel for Defendants maintained their objection to Plaintiffs' Motion, arguing that Defendants had adhered to prior deadlines in the Scheduling Order and that further extensions of deadlines, even though Plaintiffs were only requesting a two-week extension, would impede the trial date. Notably, no other defendant voiced an objection to Plaintiffs' Motion. Upon inquiry from the Court, counsel for Defendants confirmed that Plaintiffs did not object to a prior extension of the expert report deadline requested by Defendants. The Court also pressed counsel for Defendants about how they would be prejudiced by the extension. Counsel failed to articulate any prejudice. The Court reminded counsel for Defendants that if they were prepared to file their pretrial motions, they could file them immediately without waiting for any deadline or extension of the deadline. Finding good cause existing to amend the Scheduling Order, the Court then issued an oral Order granting Plaintiffs' Motion, and extending the pretrial motion deadline until May 31, 2021.[14] In doing so, the Court reminded counsel of their professional obligations toward each other and the Court, and admonished counsel about not extending professional courtesies to each other.[15] The

---

[12] *Id*.
[13] *Id*. at p. 4.
[14] R. Doc. 322.
[15] *Id*. at p. 2.

Court also mentioned that it was troubled to hear an objection from Defendants when they could not articulate any prejudice or hardship caused by the requested continuance. The Court noted that the only inconvenience caused by the continuance is that the Court will have less time to decide the parties' pretrial motions before trial.

Pursuant to the Court's oral ruling, defendants, Joseph A. Motta and Joseph A. Motta, Attorney at Law, APLC, filed a pretrial motion on May 28, 2021,[16] and Plaintiffs filed four pretrial motions on June 1, 2021.[17] Defendants, however, filed four pretrial motions on June 1, 2021,[18] and filed a fifth motion on June 2, 2021.[19] Defendants also filed a document entitled, "Notice of Technical Difficulties," stating that Defendants were unable to file the fifth motion on June 1, 2021 "due to technical difficulties with the CM/ECF filing system."[20]

Plaintiffs filed the instant Motion to Strike on June 2, 2021, asking the Court to strike as untimely the five pretrial motions filed by Defendants because they fail to comply with the Court's May 31, 2021 deadline for filing pretrial motions.[21] Plaintiffs point out that Defendants opposed Plaintiffs' prior request to continue the deadline until May 31, 2021, that all counsel were aware that May 31, 2021 was a legal holiday when the continuance was granted, and that Defendants' "Notice of Technical Difficulties" contains "a unilateral claim by defense counsel that has not

---

[16] R. Doc. 328.
[17] R. Docs. 329, 330, 331, 332.
[18] R. Docs. 334, 336, 337, 338. The Court notes that R. Docs. 336 and 337 were marked as deficient by the Clerk's Office, but were timely refiled as R. Docs. 358 and 359, respectively.
[19] R. Doc. 339.
[20] R. Doc. 340.
[21] R. Doc. 342.

been corroborated by the Clerk of Court's Office."[22] Plaintiffs further point out that the Notice states that defense counsel did not commence filing efforts until 10:30 p.m. on June 1, 2021. Plaintiffs assert that defense counsel should not be rewarded for waiting until the last minute to file a motion that was already past the deadline established by the Court.[23] Plaintiffs assert that there is no indication that there was any "technical failure of the Court's ECF system," and that even if there was, the motion would still be untimely. As such, Plaintiffs ask the Court to strike the five motions as untimely.

Defendants oppose the Motion, asserting that the four motions filed on June 1, 2021 were timely under Fed. R. Civ. P. 6(a), and that an extension for excusable neglect is warranted for the fifth motion that was filed on June 2, 2021.[24] Defendants claim that their counsel did not initially realize that May 31, 2021 was a legal holiday (Memorial Day), and that when she did, she spoke to Plaintiffs' counsel on the phone "about filing a one-day extension of time of the deadline, stating that the Motion deadline had been postponed for a significant period of time, fell on Memorial Day, and therefore would ruin Memorial Day plans for staff working on the filings."[25] After receiving no response from Plaintiffs' counsel regarding the extension, counsel for Defendants claim that she "read Rule 6 to confirm that Memorial Day was a federal holiday listed in Rule 6 and asked Nations' co-counsel Christopher Corkern to figure out whether the courthouse was accessible on the deadline," and that the response

---

[22] R. Doc. 342-1 at p. 2.
[23] *Id.*
[24] R. Doc. 351.
[25] *Id.* at p. 2.

was that the courthouse was not accessible.[26] Defendants assert that, "Nations' counsel messaged back and forth with co-counsel within Deutsch Kerrigan Duris Holmes about filing the motions on June 1," and that, "The decision was made that the motions would be filed on June 1 based on the legal holiday and the inaccessibility of the courthouse."[27] Defendants assert that all but one of their pretrial motions was filed on June 1, 2021, and that "technical difficulties" prevented their counsel from filing the fifth motion on June 1, 2021. Defendants also claim that their fifth motion "was filed approximately 1½ hours after midnight on June 1," and that Defendants have filed a contemporaneous motion for an extension of the deadline.[28]

Defendants argue that their motions filed on June 1, 2021 are timely under Fed. R. Civ. P. 6(a), which they contend applies to fixed date deadlines.[29] Defendants recognize that Rule 6 was amended in 2009 and that an advisory committee note "attempted to cast doubt on the continued availability of Rule 6(a) for fixed-date deadlines."[30] Alternatively, if the Court finds that the motions are untimely, Defendants request a one-day extension of the deadline.[31] Defendants assert that good cause exists to grant an extension of the pretrial motion deadline because: (1) a one-day delay will not prejudice Plaintiffs; (2) the one-day delay will not impact the proceeding; (3) the reason for the delay was an interpretation of Rule 6(a) that Defendants contend has been found to be "entirely understandable;" and (4)

---

[26] *Id.* at p. 3 (citing authority).
[27] R. Doc. 351 at p. 3.
[28] *Id.*
[29] *Id.* at pp. 4-8.
[30] *Id.* at pp. 8-9.
[31] *Id.* at p. 9.

Defendants have acted in good faith based on their interpretation of Rule 6(a).[32] As such, Defendants argue Plaintiffs' Motion to Strike should be denied.

On June 2, 2021, Defendants also filed the instant Motion for Extension, seeking an extension of the pretrial motion deadline "by **1½ hours or until June 02, 2021 at 1:24 AM**" to render their motion filed on June 2, 2021 timely.[33] Operating under the assumption that the pretrial motion deadline was June 1, 2021 under Rule 6(a), Defendants assert that the June 1st deadline could not be met with respect to their fifth pretrial motion due to "unforeseen and uncontrollable technical issues," and that the extension will not delay this matter because "Plaintiffs have already received a 14-day extension of the pretrial motion deadline."[34] Defendants contend that because the last day for filing pretrial motions was a legal holiday (Memorial Day), the time period continued to run until the end of the next day, which was June 1, 2021.[35] Defendants claim that at approximately 10:30 p.m. on June 1, 2021, they attempted to file their fifth pretrial motion on the Court's e-filing system, but experienced "some sort of technical difficulty" and were unable to file the motion until approximately 1:24 a.m. on June 2, 2021.[36] Defendants assert that a 1.5 hour extension of time is warranted as to their fifth pretrial motion because the request is

---

[32] *Id.* at pp. 9-11.
[33] R. Doc. 344 at p. 1. *See*, R. Doc. 339. The Court notes that Defendants erroneously refer to the pretrial motion deadline as July 1, 2021 in both their Motion and Memorandum in Support. *See*, R. Doc. 344 at p. 1; R. Doc. 344 at p. 4.
[34] R. Doc. 344 at pp. 1-2.
[35] R. Doc. 344-1 at p. 2.
[36] *Id.* at p. 3.

"more than reasonable," it is not sought to delay this case, but "for justice to be done," and Plaintiffs will not be prejudiced by the extension.[37]

Plaintiffs oppose Defendants' Motion for Extension, and refer the Court to the arguments raised in their Motion to Strike.[38] Plaintiffs assert that Defendants' Motion should be denied because Defendants failed to comply with the Court's May 31, 2021 deadline, and Defendants should not be allowed to disregard deadlines, especially deadlines imposed by the Court and agreed upon by all counsel.[39]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 16 authorizes federal courts to control and expedite the discovery process through a scheduling order.[40] Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order.[41] "Federal Rule of Civil Procedure 16 allows a court to exclude expert testimony or strike pleadings if a party fails to comply with deadlines imposed by a scheduling order.[42] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[43] According to the Fifth Circuit, "The good cause standard requires the 'party seeking relief to show that the deadlines cannot

---

[37] R. Doc. 344-1 at p. 5.
[38] R. Doc. 345 at p. 1.
[39] *Id.*
[40] *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (*citing* Fed. R. Civ. P. 16).
[41] *In re Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328, 2014 WL 3353232, at *1 (E.D. La. July 9, 2014) (Vance, J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)); *See, Huffman v. Turner Indus. Grp., LLC*, Civ. A. No. 12-1061, 2013 WL 2285124, at *5 (E.D. La. May 22, 2013) (Brown, J.) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003)).
[42] *Matter of Honey Island Adventure, LLC*, Civ. A. No. 16-6940 c/w 16-10728 c/w 17-2652 c/w 17-2896, 2017 WL 6559871, at *2 (E.D. La. Dec. 22, 2017) (*citing* Fed. R. Civ. P. 16(f)(1); Fed. R. Civ. P. 37(b)(2)(A)).
[43] Fed. R. Civ. P. 16(b)(4).

reasonably be met despite the diligence of the party needing the extension.'"[44] In determining whether the movant has met its burden of proving "good cause" under Rule 16(b)(4), this Court considers the following four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice.[45]

### III. ANALYSIS

#### A. Plaintiffs have shown that Defendants' five pretrial motions are untimely.

Pursuant to the Court's May 13, 2021 Telephone Status Conference Report and Order, the deadline to file all non-evidentiary pretrial motions, including motions for summary judgment and motions *in limine*, was May 31, 2021.[46] Defendants did not request, nor obtain, an extension of time in which to file their pretrial motions. Instead, Defendants filed four pretrial motions on June 1, 2021, and filed a fifth motion on June 2, 2021. Defendants assert that the four motions filed on June 1st are timely under Fed. R. Civ. P. 6(a), and that the motion filed on June 2nd should be deemed timely for excusable neglect under Rule 6(b)(1)(B). Alternatively, Defendants assert that good cause exists to grant a one-day extension of the pretrial motion deadline, until June 2, 2021..

---

[44] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (*quoting* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[45] *Cartier v. Egana of Switzerland (America Corp.)*, Civ. A. No. 3:08-CV-0001-D, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (citing *S&W Enterprises, L.L.C.*, 315 F.3d at 536).
[46] R. Doc. 322.

Federal Rule of Civil Procedure 6(a) specifies the method for computing time when a deadline is stated in terms of hours, days, or a longer unit of time.[47] Rule 6(a)(1)(C) provides that if the last day of the time period falls on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."[48] Rule 6(a)(3) also provides that, unless the court orders otherwise, if the clerk's office is inaccessible on the last day for filing under Rule 6(a)(1), "the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday."[49] Rule 6(b) allows a court to extend the deadline for good cause upon motion made after the time period has expired if the movant failed to act because of excusable neglect.[50] As Defendants point out, May 31, 2021 was a federal holiday (Memorial Day). Defendants argue that the four motions filed on June 1, 2021 were timely under Rule 6(a)(1)(C) and Rule 6(a)(3) because they were filed on the first day after a legal holiday, and because the Clerk of Court's office was inaccessible on May 31, 2021. The Court disagrees.

Commentary to Fed. R. Civ. P. 6 provides that Rule 6(a) does not apply when the Court sets a date certain. The Advisory Committee Notes to the 2009 Amendment to Rule 6 provide that, "The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set."[51] The Advisory Committee Notes further provide that, "If, for example, the date

---

[47] Fed. R. Civ. P. 6(a).
[48] Fed. R. Civ. P. 6(a)(1)(C).
[49] Fed. R. Civ. P. 6(a)(3)(A).
[50] Fed. R. Civ. P. 6(b)(1)(B).
[51] Fed. R. Civ. P. 6(a), Advisory Committee Notes to the 2009 Amendment.

for filing is 'no later than November 1, 2007,' subdivision (a) does not govern. But if a filing is required to be made 'within 10 days' or 'within 72 hours,' subdivision (a) describes how that deadline is computed."[52] Thus, Rule 6(a) in inapplicable here because the Court specified a date certain (May 31, 2021) for the filing of pretrial motions.[53] Defendants' pretrial motion deadline remained the date certain that was requested by Plaintiffs and ordered by the Court – May 31, 2021.[54] Further, as noted earlier, this specific date was requested by Plaintiffs in their Motion to Extend Deadlines,[55] which was opposed by Defendants.[56] The specific date of May 31, 2021 for the filing of pretrial motions was discussed with all counsel during the Court's telephone status conference. Thus, Defendants' five pretrial motions filed after the May 31, 2021 deadline[57] are untimely.

Further, even if Rule 6(a) applied in this case, the Court rejects Defendants' argument that the motion filed on June 2, 2021[58] is timely based upon the inaccessibility of the Clerk's Office on May 31, 2021 becaF.[59] While Defendants filed

---

[52] *Id.*
[53] *Offord v. Lane*, Civ. A. No. 12-00524-BAJ-SCR, 2014 WL 4660823, at *2 (M.D. La. Sept. 17, 2014) (citing *Miller v. City of Ithaca*, Civ. A. No. 3:10-cv-597, 2012 WL 1589249 (N.D.N.Y. May 4, 2012); *Murphy v. Auto Advantage, Inc.*, Civ. A. No. 1:11cv11, 2012 WL 34057, at *1 (W.D. N.C. Jan. 5, 2012)); *James v. Lane*, Civ. A. No. 12-00523-BAJ-SCR, 2014 WL 4657566, at *2 (M.D. La. Sept. 16, 2014) (citing same authority); *Bell v. Lane*, Civ. A. No. 12-00529-BAJ-SCR, 2014 WL 4657662, at *2 (M.D. La. Sept. 16, 2014) (citing same authority); *Hall v. Lane*, Civ. A. No. 12-00528, 2014 WL 4657567, at *2 (M.D. La. Sept. 16, 2014) (citing same authority); *See, InProcessOut, LLC v. World Tech Toys, Inc.*, Civ. A. No. SA-18-CA-0869-FB, 2019 WL 6048020, at *1-2 (W.D. Tex. June 14, 2019); *Settlement Funding, LLC v. RSL Funding, LLC*, Civ. A. No. H-12-2044, 2014 WL 1493857, at *5 (S.D. Tex. April 15, 2014).
[54] *See*, R. Docs. 316 & 322.
[55] R. Doc. 316.
[56] R. Doc. 320.
[57] R. Docs. 334, 338, 339, 358, & 359.
[58] R. Doc. 339.
[59] *InProcessOut, LLC*, Civ. A. No. SA-18-CA-0869-FB, 2019 WL 6048020 at *2 (citing *Domazet v. Willoughby Supply Co., Inc.*, Civ. A. No. 1:14-cv-1455 (GLS), 2015 WL 4205279, at *3 (N.D.N.Y. July 10, 2015); *Miller*, Civ. A. No. 3:10-cv-597, 2012 WL 1589249 at *3).

a "Notice of Technical Difficulties" on June 2, 2021, unilaterally stating that the CM/ECF system for the Eastern District of Louisiana was unavailable between 10:30 p.m. on June 1, 2021 and 1:24 a.m. on June 2, 2021, Defendants fail to provide any evidence or information to substantiate that assertion or to show that the "technical difficulties" were not the result of user error. More importantly, however, the Notice does not indicate that Defendants even attempted to contact any court personnel to confirm whether the CM/ECF system in the Eastern District of Louisiana was experiencing technical difficulties when Defendants attempted to file their fifth pretrial motion. Further, the Court is not aware of any such technical difficulties with the CM/ECF system of the Eastern District of Louisiana during that time. Based on these facts, the Court finds Defendants have failed to show that they failed to timely file their motions due to excusable neglect, and denies Defendants' request to extend the deadline under Rule 6(b). As such, Defendants' five pretrial motions are untimely.

### B. Defendants have failed to show that good cause exists under Fed. R. Civ. P. 16(b) to modify the Scheduling Order regarding the pretrial motion deadline.

Because the Court has found that Defendants' five pretrial motions are untimely, the Court must determine whether good cause exists under Rule 16(b) to amend the Scheduling Order with respect to the pretrial motion deadline. Defendants assert that good cause exists because a one-day extension of the pretrial deadline will not prejudice Plaintiffs, a one-day extension will have no impact on this proceeding, the reason for delay was Defendants' interpretation of Rule 6(a), and

Defendants have acted in good faith based solely on their interpretation of Rule 6(a).[60] Plaintiffs did not seek leave to file a reply brief to address Defendants' arguments regarding good cause, nor did Plaintiffs address the good cause factors in their Opposition brief to Defendants' Motion for Extension.[61]

Regarding the first factor of the good cause analysis, the movant's explanation for failing to meet the deadline, the Court finds that Defendants have failed to provide a reasonable explanation for failing to meet the deadline. As outlined in their Opposition brief to Plaintiffs' Motion to Strike, Defendants were clearly aware of the May 31, 2021 deadline and the fact that it was a legal holiday, as evidenced by the actions taken by defense counsel to determine whether the motions would be timely if filed on June 1, 2021. Specifically, Defendants assert that their counsel: (1) called opposing counsel to float the idea of seeking a one-day extension of the deadline (which Defendants never sought); (2) messaged "back and forth with co-counsel within Deutsch Kerrigan Duris Homes about filing the motions on June 1;" and (3) conducted research to determine "whether the courthouse was accessible on the deadline."[62] The Court notes that these actions were apparently triggered by defense counsel's realization that the deadline fell on Memorial Day "and therefore would ruin Memorial Day plans for staff working on the filings."[63] Defendants further

---

[60] *Id.* at pp. 10-11.
[61] R. Doc. 345.
[62] R. Doc. 351 at pp. 2-3 & n.6.
[63] *Id.* at p. 2.

assert that, at some point, "The decision was made that the motions would be filed on June 1 based on the legal holiday and the inaccessibility of the courthouse."[64]

The Court recognizes that Defendants cite several non-circuit decisions to support their argument that federal courts apply Rule 6(a) to date certain deadlines.[65] Curiously, Defendants include a quote from one of those cases, wherein the court recognized that it is "unsettled" whether Rule 6(a) automatically extends a deadline that is a fixed date, and references a case from within this Circuit that concluded that Rule 6(a) *does not* apply to deadlines with a fixed date.[66] Defendants were also aware of the Advisory Committee Notes to the 2009 Amendment to Rule 6, which contradicts their position in this case, but Defendants describe the commentary as "attempting to cast doubt on the continued availability of Rule 6(a) for fixed-date deadlines."[67] Additionally, Defendants cite a case from the Middle District of Louisiana wherein the court concluded that Rule 6(a) does not apply to date certain deadlines.[68] Thus, Defendants were well-aware that other courts in this Circuit have concluded that Rule 6(a) does not apply to date certain deadlines, such as the May 31, 2021 deadline in this case, but chose to ignore that precedent. The Court therefore finds that the

---

[64] *Id.* at p. 3.
[65] *Id.* at pp. 5-9.
[66] *Id.* at p. 7 (quoting *Green v. Chamberlain*, Civ. A. No. 19-CV-0109-WBS-DMC-P, 2021 WL 323974, at *2 (E.D. Ca. Feb. 1, 2021) (citing *InProcessOut, LLC v. World Tech Toys, Inc.*, Civ. A. No. SA-18-CA-0869-FB, 2019 WL 6048020, at *2 (W.D. Tex. June 14, 2019))).
[67] R. Doc. 351 at p. 8.
[68] *Id.* at p. 8 (citing *James v. Lane*, Civ. A. No. 12-00523-BAJ-SCR, 2014 WL 4657566, at *2-3 (M.D. La. Sept. 16, 2014)). The Court recognizes that the *James* court exercised its discretion and allowed an untimely filing due to "the longstanding policy of this Court to set dates certain that do not fall on weekends or legal holidays." *James*, Civ. A. No. 12-00523-BAJ-SCR, 2014 WL 4657566, at *3. Defendants have not pointed to any such policy in the Eastern District of Louisiana.

first factor weighs against finding that good cause exists to amend the Scheduling Order to allow Defendants' untimely motions.

The Court finds that the second factor of the good cause analysis, the importance of the requested relief, weighs in favor of finding good cause, as Defendants seek to file several substantive pretrial motions, including motions to exclude testimony, evidence, and legal opinions from Plaintiffs' experts[69] and two motions for summary judgment.[70]  Such motions have the potential to narrow the issues and claims at trial.  The Court likewise finds that the third factor, the potential prejudice to Plaintiffs in granting the relief sought, also weighs in favor of finding good cause, as Plaintiffs have not shown that they will be prejudiced by a one-day extension of the pretrial motion deadline.  Finally, the Court finds that the fourth factor, the availability of a continuance to cure such prejudice, is neutral because the Court has determined that Plaintiffs will not be prejudiced by the extension.

Although the foregoing analysis suggests that good cause may exist to grant an extension of the pretrial motion deadline, the Court must also take into consideration additional factors that reveal Defendants' lack of diligence in this matter.  The Court will not turn a blind eye to the Defendants' actions that contributed to their current situation.  The Court finds it troubling that Defendants failed to meet the May 31, 2021 deadline after vehemently opposing Plaintiffs' request to continue the deadline from May 17, 2021.  While Defendants make no mention of

---

[69] R. Docs. 334, 338 & 359.
[70] R. Docs. 339 & 358.

their strong opposition in either of the briefs currently before the Court,[71] Defendants previously argued that, "for the good of all the parties, the May 17 deadline should remain unchanged," [72] and that, "the extension requested by the Plaintiffs is unreasonably long and such an extension would further threaten to destroy the pretrial schedule currently established for the July trial."[73] Defense counsel repeated these arguments during the May 13, 2021 telephone status conference, but when pressed by the Court, defense counsel could not articulate any prejudice suffered by continuing the pretrial motion deadline to May 31, 2021. Because Defendants indicated that they were prepared to file their pretrial motions by the original May 17, 2021 deadline, the Court advised defense counsel that they could file their pretrial motions immediately and did not have to wait to file them on May 31, 2021. Defendants, however, chose to ignore the Court's guidance, waiting until the last minute to file their motions.

The Court finds it ironic that Defendants contested Plaintiffs' request for a continuance until May 31, 2021 as "unreasonably long," but then failed to file their motions by May 31, 2021 and are now seeking an additional continuance of the deadline. It is clear to the Court that Defendants are now open to a continuance of the deadline only because they stand to benefit from it. Nonetheless, Defendants continue to complain about the prior continuance of the pretrial motion deadline,

---

[71] R. Docs. 351 at p. 2 & 344-1 at p. 1.
[72] R. Doc. 320 at p. 3.
[73] *Id.* at p. 4.

asserting that it "had been postponed for a significant period of time" by Plaintiffs.[74] It is not lost on the Court that in opposing Plaintiffs' prior request for a continuance, Defendants asserted that the pretrial deadlines in this case "were hard but workable" and that, "Defendants knew that the time for extensions had passed and it was necessary to just buckle down and do it."[75] The Court does not understand why Defendants did not apply that same attitude toward the May 31, 2021 pretrial motion deadline. Further, the Court cannot ignore the fact that Defendants waited until 10:30 p.m. on June 1, 2021 to file their fifth pretrial motion.[76] The Court will not reward Defendants for waiting until the last minute to file their pretrial motions.

Based on the foregoing, the Court finds that Defendants have failed to show that good cause exists under Rule 16(b) to extend the pretrial motion deadline beyond May 31, 2021. When the Court sets deadlines in this case, the Court expects the parties to adhere to those deadlines. Exercising its broad discretion to enforce the Amended Scheduling Order and the deadlines contained therein, the Court finds that the balance of the competing interests and equities in this particular case weigh against modifying the Scheduling Order with respect to the pretrial motion deadline. As such, Plaintiffs' Motion to Strike is granted and Defendants' Motion for Extension is denied.

---

[74] R. Doc. 351 at pp. 2. *See*, R. Doc. 344 at p. 2 ("Moreover, Plaintiffs have already received a 14-day extension of the pretrial motion deadline.").
[75] R. Doc. 320 at p. 2.
[76] R. Doc. 344-1 at p. 3.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Defendants' Motions [Docs. 334, 336, 337, 338 and 339][77] is **GRANTED**, and Defendants' five pretrial motions filed after the May 31, 2021 deadline [78] are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend the Non-Evidentiary Pretrial Motion Deadline.[79] is **DENIED.**

New Orleans, Louisiana, June 15, 2021.

*(signature)*
**WENDY B. VITTER**
**United States District Judge**

---

[77] R. Doc. 342.
[78] R. Docs. 334, 338, 339, 358 & 359.
[79] R. Doc. 344.