UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. GAUDET, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10356-WBV-JVM** |
| **HOWARD L. NATIONS, APC, ET AL.** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is Defendants' Rule 12(b)(6) Motion for Partial Dismissal as to Fraud.[1] Plaintiffs oppose the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED in part** and **DENIED in part**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

In the interest of judicial economy, and because the factual background of this case was extensively detailed in the Court's October 16, 2020 Order and Reasons,[3] and again in the Court's June 6, 2021 Order and Reasons granting The Nicks Law Firm, LLC's and Shantrell Nicks (collectively, the "Nicks Defendants'") Rule 12(b)(6) Motion for Partial Dismissal as to Fraud,[4] the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

On October 16, 2020, this Court issued an Order and Reasons, denying the Nicks Defendants' Motion to Dismiss and/or to Strike Allegations.[5] Among other

---

[1] R. Doc. 260.
[2] R. Doc. 284.
[3] R. Doc. 234.
[4] R. Doc. 357.
[5] R. Doc. 234.

things, the Court held that the Second Amended Complaint in this case failed to state a claim against Shantrell Nicks, individually, for breach of contract or fraud.[6] The Court, however, found it appropriate to give Plaintiffs an opportunity to amend their complaint to cure the deficiencies as to the breach of contract and fraud allegations against Shantrell Nicks.[7] On October 30, 2020, Plaintiffs timely filed a Third Amended Class Action Complaint (the "Third Amended Complaint") against Howard L. Nations, Cindy L. Nations, Shantrell Nicks, Gregory D. Rueb, Joseph A. Motta, Howard L. Nations, APC, The Nicks Law Firm, LLC, Rueb & Motta, APLC, Joseph A. Motta, Attorney at Law, APLC, and The Rueb Law Firm, APLC, again asserting claims for "breach of contract and legal malpractice" and fraud.[8] In the Third Amended Complaint, Plaintiffs assert that they seek to certify a class based upon their breach of contract and legal malpractice claims.[9]

On December 3, 2020, Howard L. Nations, Cindy L. Nations, Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm, APLC (collectively, "Defendants") filed the instant Rule 12(b)(6) Motion for Partial Dismissal as to Fraud, asserting that Plaintiffs' Third Amended Complaint fails to remedy the pleading deficiencies found by the Court in its October 16, 2020 Order and Reasons, and fails to state a claim for fraud against Defendants.[10] In the Motion, which is nearly identical to the Nicks Defendants' Motion for Partial Dismissal as to

---

[6] *Id.* at pp. 15-31.
[7] *Id.* at pp. 30-31.
[8] R. Doc. 236 at ¶¶ 3, 43-69.
[9] *Id.* at ¶ 36.
[10] R. Doc. 260.

Fraud,[11] Defendants argue that the Third Amended Complaint contains no substantive factual allegations that any named plaintiff, or even any putative class member, had any interactions whatsoever with Defendants, that Defendants made any misrepresentations to them, or that Defendants had any involvement in the making of any misrepresentations.[12] Defendants contend that Plaintiffs continue to rely on impermissible group pleading and have not, and cannot, directly attribute any allegedly fraudulent conduct to Defendants. Defendants list all of the allegations made against each of them in the Third Amended Complaint,[13] and point out that they are not mentioned in Paragraph 33 of the Third Amended Complaint, which purportedly contains Plaintiffs' allegations of "specific fraudulent conduct related to the proposed Class representatives."[14] Defendants argue that the Third Amended Complaint does not adequately cure the deficiencies previously found by the Court, and does not satisfy Fed. R. Civ. P. 9(b)'s particularity requirement to state a claim of fraud against Defendants.[15]

Defendants assert that under Louisiana's conflict of laws analysis, Louisiana law, not Mississippi law, should govern Plaintiffs' fraud claim.[16] Defendants further assert that the failure to plead fraud with particularity under Rule 9(b) is treated as a failure to state a claim upon which relief can be granted under Rule 12(b)(6).[17] Defendants further claim that Plaintiffs' group and collective pleading approach does

---

[11] R. Doc. 239.
[12] R. Doc. 260-1 at pp. 2-3.
[13] *Id.* at pp. 3-7 (*quoting* R. Doc. 236 at pp. 3, 9, 10, 13, 14, 17, 18, 28, 29, 32, 68, 70, 71).
[14] R. Doc. 260-1 at p. 7 (*citing* R. Doc. 236 at ¶ 60) (internal quotation marks omitted).
[15] R. Doc. 260-1 at p. 4.
[16] *Id.* at pp. 9-10 (citations omitted).
[17] *Id.* at pp. 11-12 (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1997)).

not satisfy Rule 9(b). Defendants contend that the Third Amended Complaint does not contain any specific allegations of fraudulent conduct by Defendants, and that Plaintiffs cannot simply rest on the contention that there was a "joint venture" in order to state a claim for fraud against Defendants.[18]

Defendants assert that the Third Amended Complaint does not contain any factual allegations to show that Howard L. Nations, Cindy Nations, or Gregory D. Rueb personally made any misrepresentations or fraudulently concealed any facts or information from Plaintiffs.[19] Defendants point out that the Third Amended Complaint does not identify any of those individuals as "the speaker" of any alleged misstatement, does not state "when and where" any alleged misstatement was made, nor does it explain why any statement made by the individuals was allegedly fraudulent.[20] Defendants claim that the Third Amended Complaint fails to identify a single statement, act, or omission by Howard L. Nations, Cindy Nations, or Gregory D. Rueb that could be construed as fraudulent, and that the allegations against them do not rise above the level of negligence.[21] As such, Defendants assert that the fraud claims against them should be dismissed with prejudice. Noting that "Plaintiffs are on their fourth iteration of the complaint," Defendants argue that Plaintiffs should not be allowed yet another opportunity to amend their complaint to cure these defects.[22]

---

[18] R. Doc. 260-1 at p. 13.
[19] *Id.*
[20] *Id.* (quoting *In re JCC Envtl., Inc.*, 575 B.R. 692, 699 (E.D. La. 2017); *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009); *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 605 (5th Cir. 1974)) (internal quotation marks omitted).
[21] R. Doc. 260-1 at p. 14.
[22] *Id.* at pp. 14-15.

Plaintiffs oppose the Motion, asserting the same arguments raised in their Opposition brief to the Nicks Defendants' Motion for Partial Dismissal as to Fraud.[23] Plaintiffs assert that the Third Amended Complaint alleges sufficient facts to state a fraud claim against Defendants based upon their allegations of fraud committed by the joint venture formed by all of the named defendants.[24] Plaintiffs argue that under Mississippi law, the law selected by Defendants in their joint venture contract, the members of a joint venture are bound by the acts of the other members acting in the course and scope of the joint venture, including fraudulent acts.[25] Plaintiffs further assert that fraud has been adequately alleged under both Mississippi and Louisiana substantive law, as well as Fed. R. Civ. P. 9(b).[26] Plaintiffs argue that their allegations comply with Rule 9(b)'s particularity requirement based upon six specific allegations in the Third Amended Complaint that concern actions taken by "Defendants" *in globo*, the "joint venture partners," and the "joint venture."[27]

As for allegations specific to Defendants, Plaintiffs point out that they have alleged that: (1) "all Defendants, including Howard Nations, Cindy Nations, and Shantrell Nicks, eventually participated in managing the activities of the call center," which was falsely telling clients that their claims were still pending when they were ineligible for review; (2) pursuant to Defendants' direction, the field agents explicitly promised and assured claimants that their packets were complete and their claims

---

[23] R. Doc. 284; *See*, R. Doc. 240.
[24] R. Doc. 284 at pp. 1-2.
[25] *Id.* at p. 2 (quoting *Braddock Law Firm, PLLC v. Becnel*, 949 So.2d 38, 50 (Miss. Ct. App. 2006)) (internal quotation marks omitted); R. Doc. 284 at pp. 5, 9.
[26] *Id.* at pp. 6-7.
[27] *Id.* at pp. 7-8 (*citing* R. Doc. 236 at ¶¶ 27, 30, 33, 53, 55, 59, 66).

would be timely filed; and (3) the fraudulent denial letters were mailed "with final approval of all members of the joint venture," which necessarily includes Defendants per the joint venture contracts.[28] Plaintiffs assert that because a joint venture has been alleged, it does not matter which joint venture defendant is alleged to have committed the fraud because "fraud committed by one is fraud committed by all."[29] Plaintiffs also claim that because the Third Amended Complaint defines "Defendants" as all of the named defendants, "each time the word 'Defendants' is used, it refers collectively to all named Defendants as per their joint venture agreement."[30] Alternatively, if the Court finds that Plaintiffs have failed to state a claim for fraud against Defendants, Plaintiffs request an opportunity to conduct fraud-related discovery and amend their complaint again.[31]

## II.   LEGAL STANDARD

### A. Rule 12(b)(6) Standard

It is well-settled in this Circuit that motions to dismiss under Fed. R. Civ. P. 12(b)(6) are viewed with disfavor and are rarely granted.[32] To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[33] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[34] But, no matter the factual

---

[28] R. Doc. 284 at pp. 8-9.
[29] *Id.* at p. 9.
[30] *Id.* (*citing* R. Doc. 236 at ¶ 3).
[31] R. Doc. 284 at p. 10.
[32] *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (quoting *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).
[33] *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).
[34] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).

content, a claim is not plausible if it rests on a legal theory that is not cognizable.[35] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[36] However, the factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[37] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[38] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[39] The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[40]

Further, "In a pleading alleging fraud, a plaintiff must state the circumstances constituting fraud with particularity."[41] According to the Fifth Circuit, "A dismissal for failure to plead fraud with particularity as required by rule 9(b) is a dismissal on the pleadings for failure to state a claim."[42] Thus, an allegation of failure to plead fraud with particularity is analyzed under the Rule 12(b)(6) standard.

---

[35] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[36] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[37] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[38] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).
[39] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[40] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).
[41] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (*citing* Fed. R. Civ. P. 9(b)).
[42] *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)); *Lovelace*, 78 F.3d at 1017.

## III. ANALYSIS

### A. Plaintiffs have failed to state a claim for fraud against Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm, APLC.

Although not mentioned by the parties, Defendants' Motion is nearly identical to the Motion for Partial Dismissal as to Fraud that was filed by the Nicks Defendants,[43] which the Court granted on June 8, 2021.[44]  For the same reasons set forth in the Court's June 8, 2021 Order and Reasons, the Court finds that Plaintiffs' Third Amended Complaint fails to state a claim for fraud against Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm, APLC.  As Defendants point out, the only allegations made against these defendants in the paragraphs outlining Plaintiffs' fraud claim are that: (1) "Gregory Rueb – on behalf of the joint venture – instructed the field agents to keep the facilities open and to expect an additional 3,000 claimants to sign-up during the final three (3) days prior to the deadline;" (2) "Nations Law Firm's website continues to provide the following information regarding the joint venture's call center: If you are a BP Subsistence client (fishing/hunting), please call 800-588-2600;" and (3) "Rueb & Motta initially managed the call center for the joint venture at their offices in California."[45]  As explained in the Court's June 8, 2021 Order,[46] these allegations fall far short of pleading fraud with particularity as required by Fed. R. Civ. P. 9(b).

---

[43] R. Doc. 239.
[44] R. Doc. 357.
[45] R. Doc. 236 at ¶¶ 53, 57, & 58.
[46] *See*, R. Doc. 357 at pp. 11-19.

To the extent that the Third Party Complaint states that, "specific fraudulent conduct related to the proposed Class representatives" can be found in Paragraph 33 therein, the Court finds that Paragraph 33 also fails to allege any fraudulent conduct with particularity by Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm, APLC, as required under Rule 9(b).  In Paragraph 33, Plaintiffs merely refer to actions allegedly taken by "Defendants," generally, and assert, with respect to each named plaintiff, that, "If the Defendants had not intentionally misrepresented and fraudulently concealed the truth from [named plaintiff] that her claim was never filed [or that her claim was filed incomplete], she may have had an opportunity to amend such egregious failures by the Defendants."[47] The Court further notes that Plaintiffs allege elsewhere in the Third Amended Complaint that "On each and every one of those client contacts, Defendants falsely advised Plaintiff Class members that their BP Claim was 'still pending' when Defendants knew to a certainty that the 'still pending status information was false, misleading, and a blatant concealment of the truth."[48]  The Court finds that these vague allegations fail to provide any specific details regarding statements made or actions taken by Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, or The Rueb Law Firm, APLC, as required under Rule 9(b).  As the Fifth Circuit explained, at a minimum, Rule 9(b) requires Plaintiffs to plead the "who, what, where, when, and how of the alleged fraud," and "where allegations are based on

---

[47] R. Doc. 236 at ¶ 33, pp. 47, 48, 49, 50, 51.
[48] *Id*. at ¶ 30.

information and belief, the complaint must set forth a factual basis for such belief."[49] As such, the allegations in Paragraph 33 do not provide factual support for Plaintiffs' fraud claims against these defendants.

The Court further finds that allegations against these four defendants elsewhere in the Third Amended Complaint likewise fail to supply any specific information regarding their alleged fraudulent actions. For instance, Plaintiffs allege that Rueb & Motta, PLC and "Nations Law Firm" formed a joint venture with the Nicks Law Firm and Shantrell Nicks, individually, and that Gregory Rueb traveled to meetings that were used to solicit clients to file subsistence claims, "to make sure things were running 'smoothly,' confirm the correct and necessary documents were in the facilities, and to see the number of clients attending the meetings."[50] Plaintiffs allege that, "The Nations firm compensated all field agents who were working in these meeting centers,"[51] that Gregory Rueb "was intimately involved at the ground level and often visited the [joint venture's Subsistence Claim] facilities with Jim Griggs to make sure everything was flowing smoothly and to provide the joint venture field agents with directions,"[52] and that Gregory Rueb "spent a significant amount of time traveling to Defendants' facilities and meeting with their field agents.[53] Plaintiffs further allege that Gregory Rueb "communicated with the DHECC Claims' Administrator through various attempts to solve issues that arose in the joint

---

[49] *Colonial Oaks Assisted Living Lafayette, LLC v. Hannie Development, Inc.*, 972 F.3d 684, 689 (5th Cir. 2020) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)) (internal quotation marks omitted).
[50] R. Doc. 236 at Introduction Paragraph, p. 3.
[51] *Id.*
[52] *Id.* at ¶ 18, p. 28
[53] *Id.*

venture's claims filing and processing," that Gregory Rueb was "responsible for providing direction to Griggs, the joint venture's claims consultant," and that Gregory Rueb "reviewed and approved all material prepared by Griggs – including the initial intake packet(s) – before they were provided to their clients."[54] The Third Amended Complaint contains no allegations against The Rueb Law Firm, APLC other than citizenship allegations for purposes of jurisdiction.[55] The foregoing allegations, which provide information regarding the involvement of Gregory Rueb and some of the law firm defendants in the joint venture, do not suggest any fraudulent conduct on their part. As such, these allegations offer no particularized factual support for Plaintiffs' fraud claims against these defendants.

Finally, for the same reasons set forth in the Court's June 8, 2021 Order, the Court rejects as meritless Plaintiffs' argument that their fraud allegations are sufficiently pled under Rule 9(b), as well as Mississippi and Louisiana law, because Plaintiffs have alleged the existence of a joint venture under Mississippi law.[56] As such, the Court finds that the Third Amended Complaint fails to allege any particular facts to support their fraud claims against Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm, APLC. To the extent that Defendants seek dismissal of Plaintiffs' fraud claims asserted against these four defendants, the Motion is granted.

---

[54] *Id.* at p. 29.
[55] *Id.* at pp. 3, 14, 17.
[56] R. Doc. 357 at pp. 16-19.

### B. The Third Amended Complaint states a fraud claim against Howard L. Nations and Cindy Nations.

While Plaintiffs have failed to state a claim for fraud against Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm, APLC in the Third Amended Complaint, the Court finds that Plaintiffs have alleged sufficient facts to state a claim for fraud against Howard L. Nations and Cindy Nations. Although not specifically addressed in their Opposition brief, which is identical to Plaintiffs' Opposition brief to the Motion for Partial Dismissal filed by the Nicks Defendants,[57] Plaintiffs allege in the Third Amended Complaint that each named plaintiff received a "form denial letter which had been mailed en masse by Defendants, stating that BP had 'denied'" their Subsistence Claims when, in reality, "Defendants" had either not filed their claims or had filed incomplete claims.[58] Plaintiffs further allege that Howard L. Nations and Cindy Nations drafted the denial letters "with the input and approval of the other joint venture attorneys."[59] Plaintiffs also allege that, "Howard L. Nations and Cindy Nations were key decision-makers when it came to the joint venture's procedures and staffing," and that they both "personally participated in the drafting of the 'denial' letters which falsely misrepresented to their clients that their claims were properly filed but denied by BP."[60] These allegations provide factual support for Plaintiffs' fraud claims against Howard L. Nations and Cindy Nations.

---

[57] R. Doc. 240.
[58] R. Doc. 236 at Introduction Paragraph, pp. 4-8, 10 & ¶ 33, pp. 46-52.
[59] *Id*. at Introduction Paragraph, p. 10.
[60] *Id*. at ¶ 18, p. 28; *See*, *Id*. at ¶ 62.

In outlining their fraud claims, Plaintiffs allege that the "deceitful misrepresentations" made by the "Defendants," *in globo*, "continued culminating in one final act of misrepresentation and fraudulent conduct – the 2019 'denial' letters placing blame on BP rather than acknowledging their own breach in the standard of conduct."[61] Plaintiffs assert that, "Through their letters, Defendants implied that the fault for denial was due to BP's procedures rather than an admission that the fault for denial was the result of the Defendants' inactions and neglect. Defendants knew the representations in the 'denial' letters were false and misleading."[62] The Court finds these allegations are sufficient to state a plausible claim for fraud with particularity against Howard L. Nations and Cindy Nations because Plaintiffs have alleged that they drafted the form denial letters sent to Plaintiffs in 2019 and that the letters were fraudulent because they contained false and misleading statements regarding the denial of Plaintiffs' Subsistence Claims.[63] As such, Defendants' Motion is denied to the extent that they seek dismissal of Plaintiffs' fraud claims asserted against Howard L. Nations and Cindy Nations.

### C. Leave to Amend is Denied.

In their Opposition brief, Plaintiffs request an opportunity to conduct fraud-related discovery and to amend their complaint again if the Court finds the fraud allegations insufficient as to Defendants.[64] The Court denies both of Plaintiffs'

---

[61] *Id.* at ¶ 59.
[62] *Id.* at ¶ 64.
[63] *Id.* (quoting *In re JCC Envtl., Inc.,* 575 B.R. 692, 699 (E.D. La. 2017); *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009); *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 605 (5th Cir. 1974)) (internal quotation marks omitted).
[64] R. Doc. 284 at p. 10.

requests. While the Court will "freely give leave [to amend] when justice so requires,"[65] leave to amend "is by no means automatic."[66] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[67]

As Defendants point out, Plaintiffs are on their fourth iteration of the complaint, which has been amended three times.[68] The Court's October 16, 2020 Order and Reasons should have put Plaintiffs on notice that their allegations of fraud in the Second Amended Complaint failed to satisfy the particularity requirement of Fed. R. Civ. P. 9(b) for the Nicks Defendants.[69] Despite affording Plaintiffs an opportunity to amend their complaint to specifically address that deficiency,[70] Plaintiffs' Third Amended Complaint failed to allege fraud with particularity against the Nicks Defendants.[71] Plaintiffs' allegations of fraud against Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm, APLC in the Second Amended Complaint were substantially similar to the allegations of fraud asserted against the Nicks Defendants. Plaintiffs have not provided the Court with any indication that granting yet another opportunity to amend their complaint

---

[65] Fed. R. Civ. P. 15(a).
[66] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).
[67] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[68] *See*, R. Docs. 1, 45, 99, 236.
[69] R. Doc. 234 at pp. 28-30.
[70] *Id.* at pp. 30-31.
[71] R. Doc. 357.

regarding the fraud claims against these four defendants will lead to a different result. The Court, therefore, declines Plaintiffs' request for an additional opportunity to amend their complaint, as the Fifth Circuit has made clear that a plaintiff should not be granted leave to amend after being afforded repeated opportunities to do so.[72]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Rule 12(b)(6) Motion for Partial Dismissal as to Fraud[73] is **GRANTED in part** and **DENIED in part.** To the extent Defendants seek dismissal of Plaintiffs' fraud claims against Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm, APLC, the Motion is **GRANTED** and those claims are **DISMISSED WITH PREJUDICE.** The Motion is **DENIED** to the extent that Defendants seek dismissal of Plaintiffs' fraud claims asserted against Howard L. Nations and Cindy Nations.

New Orleans, Louisiana, June 16, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[72] *See, Torch Liquidating Trust ex rel. Bridge Assoc. LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (finding that plaintiff had ample opportunity to cure noted defects through a prior amendment and that "justice does not require allowing plaintiff additional opportunity to amend"); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (noting that the Louisiana court had refused to allow a third amended complaint, stating that "pleading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right"); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (holding leave to amend was properly denied where the relator had previously filed two amended complaints).
[73] R. Doc. 260.