# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. GAUDET, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10356-WBV-JVM** |
| **HOWARD L. NATIONS, APC, ET AL.** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is a Motion For Final Judgment Pursuant to Rule 54(b), filed by Plaintiffs.[1] The Motion is opposed.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I.     FACTUAL AND PROCEDURAL BACKGROUND

In the interest of judicial economy, and further because the factual background of this case has been extensively detailed in the Court's previous orders, including in the Court's June 6, 2021 Order and Reasons[3] which is the basis for Plaintiff's Motion for Final Judgment, the Court limits its recitation of the facts to the procedural background which prompted the Motion before the Court.

On November 9, 2020, Defendants The Nicks Law Firm, LLC and Shantrell Nicks ("the Nicks Defendants"), filed a Motion for Partial Dismissal as to Fraud pursuant to Rule 12(b)(6).[4] The Motion was opposed and the Nicks Defendants filed a response.[5] On June 8, 2021, the Court granted the Nicks Defendants' Motion and

---

[1] R. Doc. 396.
[2] R. Doc. 403.
[3] R. Doc. 357.
[4] R. Doc. 239.
[5] R. Doc. 240 and R. Doc. 254, respectively.

dismissed Plaintiffs' fraud claims against The Nicks Law Firm, LLC and Shantrell Nicks.[6]

On December 3, 2020, Defendants Howard L. Nations, Cindy Nations, Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and the Rueb Law Firm, APLC ("Nations and Rueb Defendants") filed a similar Rule 12(b)(6) Motion for Partial Dismissal as to Fraud.[7] That Motion was opposed.[8] On June 16, 2021, the Court granted the Nations and Rueb Defendants' Motion for Partial Summary Dismissal as to Fraud as to Defendants Gregory D. Rueb, Rueb & Motta, APLC, the Rueb Law Firm, APLC and Howard L. Nations, APC, and denied the motion as to Defendants Howard L. Nations and Cindy Nations.[9]

Plaintiffs now move for entry of final judgment as to the Court's Orders dismissing Plaintiffs' fraud claims against the Defendants. In support of their Motion, Plaintiffs claim that all three elements necessary for entry of final judgment certification are met. First, Plaintiffs argue that the litigation involves multiple claims for relief against multiple parties. Secondly, Plaintiffs claim that a final determination has been made with respect to at least one, but fewer than all, claims or parties. Finally, Plaintiffs assert there is no just reason for delaying an appeal. In support of their assertion that there is no just reason for delaying an appeal, Plaintiffs note that the Court recently granted the parties' Joint Motion to Continue the Trial.

---

[6] R. Doc. 357.
[7] R. Doc. 260.
[8] R. Doc. 284
[9] R. Doc. 372.

Defendants Howard L. Nations, APC, Howard L. Nations, Cindy Nations, Gregory D. Rueb, Rueb & Motta, APLC and Rueb Law Firm, APLC oppose the Motion.[10] They argue that Plaintiffs have not satisfied the requirements for the granting of a Rule 54(b) motion. In addressing the determination of whether the ruling is a "final judgment," Defendants assert that "Neither of this Court's orders disposed of any of plaintiffs' claims in their entirety because fraud claims remain against Howard Nations, Cindy Nations, and the Motta defendants."[11] Defendants further contend that all of Plaintiffs' fraud claims "overlap factually with the legal malpractice and breach of contract claims, which were not dismissed," thus precluding final judgment.[12] Finally, Defendants argue that "even if plaintiffs could show finality, they fail to offer anything to show 'hardship or injustice through delay which would be alleviated by immediate appeal.'"[13] In sum, Defendants contend that Plaintiffs have failed to overcome the presumption under Rule 54(b) against fragmented, piecemeal appeals.

## II. LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that, "the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."[14] The Fifth Circuit

---

[10] R. Doc. 403.
[11] *Id.* at 3.
[12] *Id.*
[13] *Id.* (citing *PYCA Indus., Inc. v. Harrison Cty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).
[14] Fed. R. Civ. P. 54(b).

has recognized that, "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[15]  The Fifth Circuit has also explained that, "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[16] Thus, Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice.[17]

The determination of whether "there is no just reason for delay" is left to the sound discretion of the district court.[18]  In making that decision, "the district court must consider judicial administrative interests as well as the equities involved."[19] The Court also has a duty to weigh the inconvenience and costs of piecemeal review against the danger of injustice from delay.[20]  Thus, one factor that the Court must consider is whether the Fifth Circuit would have to decide the same issues more than once if there were subsequent appeals.[21]

---

[15] *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

[16] *PYCA Indus., Inc.*, 81 F.3d at 1421 (citing *Ansam Assocs., Inc.*, 760 F.2d at 445).

[17] *Altier v. Worley Catastrophe Response, LLC*, Civ. A. Nos. 11-241, 11-242, 2012 WL 161824, at *26 (E.D. La. Jan. 18, 2012) (quoting *Fitch v. Wells Fargo Bank, N.A.*, Civ. A. Nos. 08-1639, 09-3466, 2010 WL 4552455, at *1-2 (E.D. La. Oct. 28, 2010) (citing *PYCA Indus., Inc.*, 81 F.3d at 1421)); *See Ordemann v. Livingston*, Civ. A. No. 06-4796, 2007 WL 1651979 (E.D. La. June 7, 2007) (citing *PYCA Indus., Inc.*, 81 F.3d at 1421) (same).

[18] *See Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002); *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992); *Fitch*, Civ. A. Nos. 08-1639, 09-3466, 2010 WL 4552455, at *1 (citing *Ackerman, supra*); *Altier*, Civ. A. Nos. 11-241, 11-242, 2012 WL 161824 at *26 (citing *Brown, supra*).

[19] *Brown*, 311 F.3d at 332 (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).

[20] *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950)) (internal quotation marks omitted).

[21] *Sailboat Bay Apartments, LLC v. U.S.*, Civ. A. No. 14-2344, 2015 WL 3772756, at *2 (E.D. La. June 17, 2015) (citing *H & W Indus., Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 175 (5th Cir. 1988)).

## III.   ANALYSIS

Here, Plaintiffs seek a final judgment as to the Court's June 8, 2021 and June 16, 2021 Order and Reasons,[22] which dismissed their fraud claims against the Nicks Defendants and Gregory D. Rueb, Rueb & Motta, APLC, the Rueb Law Firm, APLC and Howard L. Nations, APC. All parties agree that other claims remain pending against Defendants and that fraud claims remain pending against other Defendants as well.

The primary issue before the Court is whether Plaintiffs have demonstrated that there is a just reason for delay. Plaintiffs summarily assert that, because the Court has granted the parties motion to continue the trial, that action alone shows that there is no just reason for delay. The Court disagrees. Plaintiffs' reasoning ignores Fifth Circuit law. Using their reasoning, anytime a matter is either not set for a trial, or set for a trial in the distant future, that fact alone demonstrates that there is no just reason for a delay in an appeal. As pointed out in Defendants' Opposition, the Fifth Circuit has explained that, "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[23] Here, Plaintiffs have failed to allege, much less demonstrate, any potential hardship or injustice that would result from delaying their appeal of the Court's Orders and Reasons.[24]  The Court also notes that the

---

[22] R. Docs. 357 & 372.

[23] *PYCA Indus., Inc.*, 81 F.3d at 1421 (citing *Ansam Assocs., Inc.*, 760 F.2d at 445).

[24] *See In re Ultra Petroleum Corp.,* Civ. A. No. 16-32202, 2017 WL 3190569 (S.D. Tex. July 26, 2016).

dismissed fraud claims are intertwined with Plaintiffs' remaining breach of contract and malpractice claims against the Defendants. Thus, an appeal of the Court's Orders and Reasons may require the Fifth Circuit to decide the same issues more than once if there are subsequent appeals on the remaining claims.  The Court finds that the possibility of piecemeal review in this case is strong and outweighs any potential danger of denying justice by delay.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion For Final Judgment Pursuant to Rule 54(b)[25] is **DENIED**.

New Orleans, Louisiana, July 7, 2021.


_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. 396.