## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. GAUDET, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10356-WBV-JVM** |
| **HOWARD L. NATIONS, APC, ET AL.** | **SECTION: D (1)** |

## <u>ORDER and REASONS</u>

Before the Court is Plaintiffs' Motion to Strike Insufficient Defenses in Defendants' Answers.[1]  In the Motion, Plaintiffs seek to strike 27 affirmative defenses asserted by Howard L. Nations, Cindy L. Nations, Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and The Rueb Law Firm APLC (collectively, the "Nations Defendants"),[2] and by Shantrell Nicks and The Nicks Law Firm, LLC (collectively, the "Nicks Defendants").[3]  The Nations Defendants oppose the Motion,[4] and the Court allowed the Nicks Defendants to join in and adopt the arguments made and the relief sought by the Nations Defendants.[5]  After careful consideration of the parties' memoranda and the applicable law, the  Motion is **GRANTED in part** and **DENIED in part**.

---

[1] R. Doc. 412.
[2] *See*, R. Doc. 385.
[3] *See*, R. Doc. 386.
[4] R. Doc. 428.
[5] R. Docs. 429 & 431.

## I.   FACTUAL AND PROCEDURAL HISTORY[6]

The thrust of Plaintiffs' Motion is that certain affirmative defenses asserted by the Nations Defendants and the Nicks Defendants should be stricken under Fed. R. Civ. P. 12(f) because: (1) they are thus insufficient as a matter of law; and/or (2) "the probative value is substantially outweighed by the concerns addresses [sic] in [Fed. R. Evid.] 403.[7]"  Plaintiffs do not argue that the affirmative defenses are insufficiently pled under Fed. R. Civ. P. 8.  The Nations Defendants oppose the Motion, relying on Fifth Circuit jurisprudence which states that motions to strike defenses are strongly disfavored and warranted only if the defense cannot, as a matter of law, succeed under any circumstance.[8]  The Nations Defendants further argue that Plaintiffs "have completely failed to satisfy the very high bar required to strike an affirmative defense since they cannot adequately demonstrate any actual prejudice if the defenses in question are not stricken from Defendants' Answers."[9]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[10]  Additionally, "Federal Rule of Civil Procedure 8(c) requires a defendant to plead an affirmative defense with enough specificity or factual

---

[6] In the interest of judicial economy, and because the factual background of this case has been extensively detailed in prior Orders issued in this case, the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.  *See,* R. Docs. 234, 357, & 391.

[7] R. Doc. 412 at p. 1; R. Doc. 412-1 at pp. 2-3.

[8] R. Doc. 428 at pp. 3-5 (citing authority).  *See,* R. Doc. 428 at p. 5 (citing *United States v. Renda,* 709 F. 3d 472, 479 (5th Cir. 2013)).

[9] R. Doc. 428 at p. 3 (emphasis in original).

[10] Fed. R. Civ. P. 12(f).

particularity to give the plaintiff fair notice of the defense that is being advanced."[11]

"A motion to strike is appropriate when the allegations are prejudicial to the opposing party or immaterial to the lawsuit.  An allegation is immaterial to the lawsuit when the challenged allegations do not bear on the subject matter of the litigation."[12] According to the Fifth Circuit, "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance."[13]  As a result, motions to strike under Rule 12(f) are "are generally disfavored and infrequently granted due to the fact that they are a drastic remedy and are often used as a dilatory tactic."[14]  The moving party must generally make a showing of prejudice before a motion to strike is granted.[15]

## III.   ANALYSIS

### A. The Eighth, Thirteenth, Seventeenth, Eighteenth, Twentieth, and Twenty-First Affirmative Defenses.

With respect to the Eighth, Thirteenth, Seventeenth, Eighteenth, Twentieth, and Twenty-First affirmative defenses asserted by the Nations Defendants,[16]

---

[11] *Francois v. City of Gretna*, Civ. A. No. 13-2640, 2015 WL 13048624, at *1 (E.D. La. April 3, 2015) (Berrigan, J.) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)) (internal quotation marks omitted).

[12] *721 Bourbon, Inc. v. Willie's Chicken Shack, LLC*, Civ. A. No. 19-9069-WBV-MBN, 2020 WL 587886, at *1 (E.D. La. Feb. 6, 2020) (Vitter, J.) (quoting *Schlesinger v. Hasco Thibodaux, LLC*, Civ. A. No. 13-6237, 2014 WL 527657, at *1 (E.D. La. Feb. 7, 2014) (Berrigan, J.)) (internal quotation marks omitted).

[13] *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007)).

[14] *Francois*, Civ. A. No. 13-2640, 2015 WL 13048624, at *1 (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)); *Pan–Am. Life Ins. Co. v. Gill*, Civ. A. No. 89-5371, 1990 WL 58133 (E.D. La. Apr. 27, 1990) (Duplantier, J.).

[15] *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (citing authority); *Diesel Specialists, L.L.C. v. Mohawk Traveler M/V*, Civ. A. No. 09-02843, 2011 WL 4063350 (E.D. La. Sept. 13, 2011) (Engelhardt, J.) (citing *Pan-Am. Life Ins. Co.*, Civ. A. No. 89-5371, 1990 WL 58133).

[16] *See*, R. Doc. 385 at pp. 16-19.  The Court notes that while Plaintiffs seek to "strike the insufficient defenses of Defendants asserted in their Answers [R. Docs. 385 and 386]" (R. Doc. 412 at p. 1, Plaintiffs

Plaintiffs do not assert that the continued presence of these affirmative defenses prejudice them in any way.  Instead, Plaintiffs contend that these defenses are conclusory, have no legal support, and are unrelated to the facts of this case.[17] Because motions to strike under Rule 12(f) are generally disfavored and Plaintiffs have made no showing of prejudice, nor has the Court found any prejudice, the Court chooses not to exercise its discretion at this time to strike the Eighth, Thirteenth, Seventeenth, Eighteenth, Twentieth, or Twenty-First affirmative defenses asserted by the Nations Defendants,[18] or the identical defenses asserted by the Nicks Defendants as their Fifth, Tenth, Fourteenth, Fifteenth, Seventeenth, and Eighteenth affirmative defenses.[19]

Additionally, defenses may be pleaded in general terms and need only provide fair notice of the nature of the defenses.[20]  The Court finds that the foregoing affirmative defenses provide Plaintiffs with fair notice of the basis of the defenses. Importantly, the Court notes that the Nations Defendants and the Nicks Defendants will bear the burden of proving any affirmative defenses at trial.[21]  As such, Plaintiffs' Motion is denied to the extent that they seek to strike the Eighth, Thirteenth, Seventeenth, Eighteenth, Twentieth, and Twenty-First affirmative defenses asserted

refer to the affirmative defenses as numbered and set forth in the Answer filed by the Nations Defendants.  *See*, R. Doc. 412-1 at pp. 4-12.

[17] R. Doc. 412-1 at pp. 6, 9, 10, & 11.

[18] R. Doc. 385 at pp. 17-18, & 19.

[19] R. Doc. 386 at pp. 21-22, & 23.

[20] *Pan-Am. Life Ins. Co.*, Civ. A. No. 89-5371, 1990 WL 5813 at *2 (*citing* Fed. R. Civ. P. 8; *American Motorist Ins. Co. v. Napoli*, 166 F.2d 24 (5th Cir. 1948)).

[21] *Abene v. Jaybar*, LLC, 802 F. Supp. 2d 716, 723 (E.D. La. 2011).

by the Nations Defendants, and the Fifth, Tenth, Fourteenth, Fifteenth, Seventeenth, and Eighteenth affirmative defenses asserted by the Nicks Defendants.

## B. The First, Seventh, Ninth, Tenth, and Twelfth Affirmative Defenses.

With respect to the First, Seventh, Ninth, Tenth, and Twelfth affirmative defenses asserted by the Nations Defendants, Plaintiffs assert that the purported defenses are insulting, offensive, have no merit or support, and would "easily cause unfair prejudice, confusion of the issues, and would certainly mislead the jury."[22] Despite Plaintiffs' conclusory assertion to the contrary, the Court finds that Plaintiffs have not demonstrated that the denial of their Motion to Strike as to these affirmative defenses would be prejudicial to Plaintiffs, and the Court is unable to conclude what, if any, prejudice would result from not striking these defenses. Further, the Nations Defendants and the Nicks Defendants bear the burden of proving their affirmative defenses at trial. Because the Court is unable to conclude that Plaintiffs have made the requisite showing of prejudice, the Court chooses not to exercise its discretion at this time to strike the Nations Defendants' First, Seventh, Ninth, Tenth, and Twelfth affirmative defenses,[23] or the identical defenses asserted by the Nicks Defendants as their First, Sixth, Seventh, and Ninth affirmative defenses.[24] Accordingly, the Motion to Strike must be denied as to these affirmative defenses.

---

[22] R. Doc. 412-1 at pp. 4-5, 6-7, 7-8.
[23] R. Doc. 385 at pp. 16, 17, & 18.
[24] R. Doc. 386 at pp. 21 & 22. The Court notes that the Nicks Defendants did not assert an affirmative defense identical to the Seventh affirmative defense asserted by the Nations Defendants. *See*, R. Doc. 385 at p. 17; R. Doc. 386 at pp. 21-22.

### C. The Third, Eleventh, and Fourteenth Affirmative Defenses.

Plaintiffs also seek to strike the Third, Eleventh, and Fourteenth affirmative defenses asserted by the Nations Defendants on the basis that they are insufficient as a matter of law[25] or have no applicability in this case.[26]  The Nations Defendants' Third affirmative defense provides that, "Plaintiffs' claims against Defendants are barred, in whole or in part, by the Mississippi Code and/or the Louisiana Civil Code and Revised Statutes and applicable case law."[27]  The Nations Defendants' Eleventh affirmative defense provides that, "Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations, prescription, and/or peremption."[28]  Finally, the Nations Defendants' Fourteenth affirmative defense provides that, "Plaintiffs' claims are barred by the professional judgment rule."[29]  The Nicks Defendants assert the same defenses in their Third, Eighth, and Eleventh affirmative defenses.[30]

The Court finds that these defenses fail to meet the minimum "fair notice" standard set forth by the Fifth Circuit in *Woodfield v. Bowman*, which requires a defendant to plead an affirmative defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[31]  The Court recognizes that in some cases, merely pleading the name of the affirmative defense can be sufficient to give the opposing party fair notice.[32]  The above broadly-

---

[25] R. Doc. 412-1 at pp. 4, & 7-8.
[26] *Id.* at p. 9.
[27] R. Doc. 385 at p. 16.
[28] *Id.* at p. 18.
[29] *Id.*
[30] R. Doc. 386 at pp. 21 & 22.
[31] 193 F.3d 354, 362 (5th Cir. 1999) (citing authority).
[32] *E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, Civ. A. No. 3:10-CV-1911-D, 2011 WL 208408, at *4 (N.D. Tex. Jan. 21, 2011) (Fitzwater, C.J.) (citing *Woodfield*, 193 F.3d at 362).

worded affirmative defenses, however, fail to identify the applicable state law provisions, or the factual basis for the application of such provisions.  The Court concludes that these affirmative defenses fail to give Plaintiffs fair notice under *Woodfield* because, "The general reference to 'statute' . . . could support a host of reasons to deny relief."[33]  Accordingly, the Court grants the Motion to Strike as to the Third, Eleventh, and Fourteenth affirmative defenses asserted by the Nations Defendants,[34] and the Third, Eighth, and Eleventh affirmative defenses asserted by the Nicks Defendants.[35]

### D. The Fourth Affirmative Defense.

In their Fourth affirmative defense, the Nations Defendants assert that, "Plaintiffs had no contract with Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, or The Rueb Law Firm, APLC and therefore have no cause of action against them for breach of contract."[36]  The Nicks Defendants likewise assert in their Fourth affirmative defense that, "Plaintiffs had no contract with Shantrell Nicks and therefore have no cause of action against her for breach of contract."[37]  Plaintiffs contend that these affirmative defenses should be stricken because they have no legal support and constitute a conclusory statement that the individual attorneys are not liable for breach of contract.[38]  Plaintiffs further assert that these affirmative

---

[33] *Schlosser v. Metropolitan Property and Cas. Ins. Co.*, Civ. A. No. 12-1301, 2012 WL 3879529, at *3 (E.D. La. Sept. 6, 2012) (Vance, J.) (quoting *Courtesy Bldg. Servs., Inc.*, Civ. A. No. 3:10-CV-1911-D, 2011 WL 208408, at *4) (striking a similar affirmative defense under *Woodfield*).
[34] R. Doc. 385 at pp. 16 & 18.
[35] R. Doc. 386 at pp. 21-22.
[36] R. Doc. 385 at p. 17.
[37] R. Doc. 386 at p. 21.
[38] R. Doc. 412-1 at p. 4.

defenses lack merit because "the Court has already ruled that the individual attorneys *should* be added as Defendants in this litigation due to their potential liability."[39]  Plaintiffs fail to direct the Court to the ruling referred to in their Motion.

The Court, however, agrees with Plaintiffs that these affirmative defenses should be stricken because they contradict a previous position taken by the Nations Defendants and the Nicks Defendants in this lawsuit, as well as a previous determination made by this Court in reliance upon that prior position.  In opposition to the Plaintiffs' Motion for Class Certification, these defendants asserted, in a footnote, that, "The validity of the [Attorney-Client] contracts is not in dispute and is not, therefore, a 'central' issue the resolution of which is likely to 'drive the resolution of the litigation.'"[40]  Relying upon that language, this Court determined that, "Defendants do not dispute the existence or validity of the Attorney-Client contracts that they entered into with each of the proposed class members."[41]  The Court therefore finds that Plaintiffs have demonstrated that they will be prejudiced by the failure to strike these affirmative defenses.  As such, Plaintiffs' Motion to Strike is granted with respect to their request to strike the Fourth affirmative defenses asserted by the Nations Defendants and the Nicks Defendants.

### E. The Twenty-Second and the Forty-Fourth Affirmative Defenses.

Regarding the Twenty-Second and the Forty-Fourth affirmative defenses, Plaintiffs assert that they should be stricken because the Nations Defendants cite

---

[39] *Id*. at p. 5 (emphasis in original)
[40] R. Doc. 272 at p. 24, n. 17.  *See*, R. Doc. 391 at p. 10 (*citing* R. Doc. 272 at p. 24, n.17).
[41] R. Doc. 391 at p. 34 (*citing* R. Doc. 272 at p. 24, n.17).

law that is inapplicable to this case. Specifically, Plaintiffs assert that the Nations Defendants attempt to invoke a damage cap applicable in medical malpractice actions set forth in Mississippi Code Annotated § 11-1-60 in their Twenty-Second affirmative defense,[42] and seek to invoke Mississippi Code Annotated § 11-46-15(2) in the Forty-Fourth affirmative defense, which addresses claims against governmental entities or their employees.[43] The Court notes that the Nicks Defendants assert identical defenses as their Nineteenth and Forty-Fourth affirmative defenses.[44]

The Court finds that these two affirmative defenses must be stricken as completely immaterial to this lawsuit, which does not involve any claims for medical malpractice or claims against government entities or their employees. Accordingly, Plaintiffs' Motion to Strike is granted to the extent that they seek to strike the Twenty-Second and Forty-Fourth affirmative defenses asserted by the Nations Defendants,[45] and the Nineteenth and Forty-Fourth affirmative defenses asserted by the Nicks Defendants.[46]

### F. The Thirty-Fourth Through Forty-Third Affirmative Defenses.

Finally, Plaintiffs seek to strike affirmative defenses Thirty-Four through Forty-Three asserted by the Nations Defendants on the basis that they discuss punitive damages as allegedly violating their constitutional rights, which is not an affirmative defense but a legal argument challenging the legality of punitive

---

[42] R. Doc. 412-1 at p. 11; *See*, R. Doc. 385 at p. 19.
[43] R. Doc. 412-1 at p. 12. *See*, R. Doc. 385 at p. 26.
[44] R. Doc. 386 at pp. 23 & 30.
[45] R. Doc. 385 at pp. 19 & 26.
[46] R. Doc. 386 at pp. 23 & 30.

damages.[47]  Plaintiffs contend that these affirmative defenses are insufficient as a matter of law and would cause unfair prejudice, confusion of the issues, and would mislead the jury.[48]  The Nicks Defendants assert the same defenses in their Thirty-First through Forty-Third affirmative defenses.[49]

The Court agrees with Plaintiffs that the Nations Defendants' Thirty-Fourth through Forty-Third affirmative defenses must be stricken, as they constitute legal arguments regarding the constitutionality of Plaintiffs' request for punitive damages under state and federal law.  Such arguments are not properly before the Court under the guise of affirmative defenses, and should have been raised through a formal motion.  The Court further finds that the Forty-Second affirmative defense asserted by both the Nations Defendants and the Nicks Defendants appears duplicative of their respective Thirty-Seventh affirmative defense, and must be stricken on that basis, as well.[50] Accordingly, the Court grants the Motion to Strike as to the Thirty-Fourth through Forty-Third affirmative defense asserted by the Nations Defendants,[51] and the Thirty-First through Forth-Third affirmative defenses asserted by the Nicks Defendants.[52]

---

[47] R. Doc. 412-1 at p. 11.
[48] *Id*. at p. 12.
[49] R. Doc. 386 at pp. 25-29.  The Court notes that the Nicks Defendants' affirmative defenses skip from number Thirty-One to Thirty-Five, and appear to be copied from the Nations Defendants' Answer.
[50] *See*, R. Doc. 385 at pp.23 & 25; R. Doc. 386 at pp. 27 & 29.
[51] R. Doc. 385 at pp. 21-26.
[52] R. Doc. 386 at pp. 25-30.

IV.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Insufficient Defenses in Defendants' Answers[53] is **GRANTED in part and DENIED in part.**  The Motion is **GRANTED** to the extent that Plaintiffs seek to strike the Third, Fourth, Eleventh, Fourteenth, Twenty-Second, Thirty-Fourth through Forty-Third, and Forty-Fourth affirmative defenses asserted by the Nations Defendants, and seek to strike the Third, Fourth, Eighth, Eleventh, Nineteenth, Thirty-First through Forty-Third, and Forty-Fourth affirmative defenses asserted by the Nicks Defendants, and those defenses are hereby **STRICKEN.**  The Motion is otherwise **DENIED.**

New Orleans, Louisiana, April 5, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[53] R. Doc. 412.