UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBORAH A. GAUDET, ET AL. | CIVIL ACTION |
| VERSUS | NO. 19-10356-WBV-JVM |
| HOWARD L. NATIONS, APC, ET AL. | SECTION: D (1) |

## ORDER

Before the Court is Plaintiffs' Motion for Partial Summary Judgment as to Breach and Causation, filed by Deborah A. Gaudet, Timothy Butler, Dian B. Campbell, Kristine Collins, Regina Falgoust, Abraham Gamberella, Adam J. Hebert, Fred Ledet, Stanwood Moore, Jr., and James Scales, III (collectively, "Plaintiffs").[1] Howard L. Nations, Cindy L. Nations, Gregory D. Rueb, Howard L. Nations, APC, Rueb & Motta, APLC, and the Rueb Law Firm, APLC (collectively, "Defendants"), oppose the Motion,[2] and Plaintiffs have filed a Reply.[3]

In the Motion, Plaintiffs seek summary judgment as to breach and causation, the liability elements of the two claims asserted in their Third Amended Complaint, namely breach of contract and breach of fiduciary duty. Regarding their breach of contract claim, Plaintiffs assert that Defendants breached the attorney-client contracts entered into with each plaintiff in failing to prosecute their BP Subsistence Claims by: (1) failing to file a claim form for five of the individual plaintiffs; (2) failing to timely-file a claim for two of the individual plaintiffs; and (3) filing an incomplete

---

[1] R. Doc. 332.
[2] R. Doc. 370.
[3] R. Doc. 384.

claim form for three of the individual plaintiffs and failing to supplement those claim forms.[4] Plaintiffs then assert that the undisputed evidence shows that Defendants breached their fiduciary duty of loyalty under Mississippi law by creating a conflict of interest between themselves and their clients (Plaintiffs) and by creating a conflict of interest between their existing clients.[5] Finally, Plaintiffs argue that it is undisputed that they lost their opportunity to assert their claims in the BP Settlement Program due to Defendants' actions.[6] Defendants argue that Plaintiffs do not have any legally cognizable claims for breach of contract or breach of fiduciary duty, and further assert that, "Defendants are entitled to summary judgment as to all claims by Plaintiffs . . . ."[7]

After careful review of the parties' memoranda, the record, and the applicable law, the Court finds that there are genuine issues of material fact in dispute that preclude summary judgment as to the breach and causation elements of Plaintiffs' claims. The Court further finds that Defendants' request for summary judgment must be denied as moot, as well as an attempt to circumvent the Court's June 15, 2021 Order and Reasons granting Plaintiffs' Motion to Strike.[8] In the prior Order and Reasons, which was docketed several hours before Defendants filed their Opposition brief to the instant Motion, the Court struck as untimely several motions filed by the defendants in this case, including Defendants' Joint Motion for Summary

---

[4] R. Doc. 332-1 at pp. 4-8.
[5] *Id.* at pp. 8-15.
[6] *Id.* at pp. 15-16.
[7] R. Doc. 370 at p. 6.
[8] R. Doc. 369.

Judgment as to All Claims By Plaintiffs.[9]  The arguments supporting Defendants' request for summary judgment in their Opposition brief are nearly identical to the arguments asserted in the Joint Motion for Summary Judgment that was previously stricken from the record.[10]  Defendants' request for summary judgment is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment as to Breach and Causation [11] is **DENIED.**

New Orleans, Louisiana, July 22, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[9] R. Doc. 339.  The Court notes that the Joint Motion for Summary Judgment was filed by Defendants along with defendants, Shantrell Nicks, the Nicks Law Firm, Joseph A. Motta, and Joseph A. Motta, Attorney at Law, APLC.
[10] *Compare* R. Doc. 370 at pp. 6-8, 10-11, & 12-15 *with* R. Doc. 339-1 at pp. 16-25.
[11] R. Doc. 332.