UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DEBORAH A. GAUDET, ET AL.                  CIVIL ACTION

VERSUS                                      NO. 19-10356-WBV-JVM

HOWARD L. NATIONS, APC, ET AL.             SECTION: D (1)

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Exclude Expert Testimony of George W. Healy, IV.[1]  The Motion is opposed by Howard L. Nations, Cindy L. Nations, Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and the Rueb Law Firm (collectively, "Defendants"),[2] and Plaintiffs have filed a Reply.[3]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

## I.     FACTUAL AND PROCEDURAL BACKGROUND[4]

This case arises from the April 20, 2010 Deepwater Horizon oil spill in the Gulf of Mexico, and Plaintiffs' allegations that Defendants' legal representation of BP Subsistence Claims caused Plaintiffs to lose their opportunity to receive a BP Subsistence Claim compensation award from the BP Deepwater Horizon Economic Settlement (hereafter, the "BP Settlement Agreement").[5]  On May 31, 2021, Plaintiffs

---

[1] R. Doc. 329.
[2] R. Doc. 353.
[3] R. Doc. 380.
[4] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 234, 357, & 391) and, for the sake of brevity, will not be repeated here.
[5] R. Docs. 1, 45, 99, & 236.

filed the instant Motion to Exclude Expert Testimony of George W. Healy, IV, asserting that his opinions should be excluded under Fed. R. Evid. 702 and *Daubert* because they are not based upon sufficient facts or data and are not the product of reliable principles. [6]   Plaintiffs assert that Healy's opinion that the Deepwater Horizon Economic Claims Center ("DHECC") computer database contains inaccuracies regarding whether claims were timely filed is "purely inaccurate and unsupported," and that Healy never identifies in his report "the evidence" that supposedly supports this opinion. [7]  Plaintiffs contend that no such evidence exists. Plaintiffs likewise assert that there is no evidence to support Healy's conclusion that "the defendants exhausted all available processes for attempting to correct the administrative failure." [8]  Plaintiffs point out that Defendants had the opportunity to challenge the DHECC's determination for any plaintiff by filing motions in the Multi-District Litigation pending before Judge Carl Barbier in the Eastern District of Louisiana pursuant to the BP Settlement Agreement. [9]

Plaintiffs further describe as "inaccurate and deceptive" Healy's opinion that, "It is my understanding of the evidence that, contemporaneously with, or shortly after signing the contract of representation, **each plaintiff** signed an intake form which contains the following cautionary statement . . . ." [10]  Plaintiffs clarify in a footnote that Healy was referring to the following statement in the intake forms: "If not mailed

---

[6] R. Doc. 329; R. Doc. 329-1 at p. 2.
[7] R. Doc. 329-1 at p. 5 (*quoting* R. Doc. 329-2 at p. 2) (internal quotation marks omitted).
[8] R. Doc. 329-1 at p. 6 (internal quotation marks omitted).
[9] *Id.* (*quoting* Exh. 3 to R. Doc. 6430-1 in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179 (E.D. La.)).
[10] R. Doc. 329-1 at p. 7 (internal quotation marks omitted and emphasis in original).

by June 1, 2015 in the enclosed business reply envelope or received in person at one

of our claim processing centers by June 5, 2015, we will not accept responsibility for

the timely filing of your claim.  Failure to meet these deadlines may result in your

claim being denied."[11]  Plaintiffs contend that five of them did not have any such

wording on their intake forms, three of them submitted their forms to Defendants

before June 5, 2015, and the remaining two plaintiffs' documents were accepted by

Defendants on June 8, 2015.[12]  Plaintiffs contend that Healy's statement is "pure

speculation" as to those two plaintiffs because there is no information regarding the

time of day that they attended the intake facility.[13]  Plaintiffs argue that Healy's

opinions are based on a mixture of conjured evidence, unsupported assumptions, and

unsubstantiated speculation.[14]  Plaintiffs further assert that Healy's opinions are

based upon unreliable principles and methods because his opinions regarding the

cautionary language in Defendants' intake forms, the choice of law provision in the

attorney-client contracts, and the existence of internal conflicts among Defendants'

clients are based upon inaccurate principles of law.[15]

Defendants assert that Healy's assumption that Defendants timely-filed

Plaintiffs' BP Subsistence Claims is reasonable, since all of the subsistence claims

allotted to Howard L. Nations, APLC (hereafter, the "Nations law firm") for filing

were timely-filed.[16]  Defendants point to Amber Affolder, the Fed. R. Civ. P. 30(b)(6)

---

[11] R. Doc. 329-1 at p. 7, n.8.
[12] *Id.* at pp. 7-8.
[13] *Id.* at p. 8.
[14] *Id.* at p. 10.
[15] *Id.* at pp. 11-14.
[16] R. Doc. 353 at p. 2.

representative for the Nations law firm, who testified regarding the timeliness of the

claims delegated to the Nations law firm by the joint venture and provided receipts

and delivery notices showing the timely-filing of all of the claims.[17]  Defendants assert

that Affolder also provided evidence during her deposition showing that each of the

named plaintiffs' BP Subsistence Claims were timely-filed.[18]  Defendants contend

that Healy's opinions are supported by evidence in the record, and that Healy's

opinions regarding inaccuracies in the DHECC database are based upon his review

of Affolder's deposition transcript and the exhibits accompanying her deposition.[19]

Regarding Healy's opinions on Defendants' efforts to submit Plaintiffs' BP

Subsistence Claims, Defendants assert that none of Plaintiffs' experts opine that

there would be a recovery by an appeal to Judge Barbier, or that there was a route to

appeal to Judge Barbier.[20]  While Plaintiffs complain that the only step taken by

Defendants to resolve the 521 BP Subsistence Claims that were filed late was to send

one email, Defendants assert that the email and the affidavits contained therein

resulted in the appeals being accepted and the claims being marked as timely-filed.[21]

Defendants further assert that Plaintiffs' complaint regarding the cautionary

language contained in the intake forms ignores the fact that if Defendants had not

agreed to file Plaintiffs' claims, the claims may never have been filed at all, since

---

[17] *Id*. at p. 3.
[18] *Id*. (*citing* R. Doc. 337-3).
[19] R. Doc. 353 at p. 3 (*citing* R. Doc. 193-7).
[20] R. Doc. 353 at pp. 3-4.
[21] *Id*. at p. 4 (*citing* R. Doc. 338-1 at pp. 5-6).  The Court notes that the document cited by Defendants (R. Doc. 338-1) was stricken from the record on June 15, 2021, a week after Defendants filed their Opposition brief.  *See*, R. Doc. 369.

Plaintiffs' sought representation on the eve of the filing deadline. [22]   Finally,

Defendants assert that Plaintiffs' arguments regarding Healy's opinions on the choice

of law provision lack merit, as Healy provides a well-reasoned basis for his opinions

regarding the governing law.[23]   Defendants argue that Plaintiffs' Motion should be

denied because Healy evaluated relevant, reliable factual information from multiple

sources and applied sound methodology to form the basis of the opinions in his expert

report.[24]

In response, Plaintiffs assert that Defendants' Opposition brief contains

"entirely false and unsupported information," which further highlights the fact that

Healy's expert opinions are not based on any facts or evidence and should be

excluded.[25]   Plaintiffs claim that the DHECC records indisputably show that 1,433 of

the joint venture's clients had no claim filed on their behalf, 521 of the joint venture's

clients had their climes filed untimely, and 741 of the joint venture's clients had

incomplete claims filed on their behalf.[26]   Plaintiffs argue that Defendants' internal

documents indicating that their claims were timely-filed "is woefully insufficient to

overcome the official records of the DHECC." [27]   Plaintiffs assert that DHECC

documents are final and official and that Defendants should have contacted the

DHECC years ago to correct any inaccurate or incomplete documents.[28]   Plaintiffs

further point out that Defendants' Opposition brief fails to identify the evidence relied

---

[22] R. Doc. 353 at pp. 4-5.
[23] *Id.* at p. 5.
[24] *Id.*
[25] R. Doc. 380 at p. 1.
[26] *Id.* at p. 2 (*citing* R. Doc. 241-31).
[27] R. Doc. 380 at p. 2.
[28] *Id.* at pp. 3-4.

upon by Healy, which shows that Healy's opinions lack the required evidentiary foundation.[29]  Plaintiffs maintain that the BP Settlement Agreement provided for an appeal mechanism,[30] and that the exculpation clause in Defendants' intake forms is void as a matter of law.[31]  Plaintiffs argue that Defendants' suggestion that BP Subsistence claimants would not have been able to find representation is nothing more than pure speculation, since claimants could have either filed their own claims without an attorney or reached out to other attorneys who were filing subsistence claims.[32]

## II.    LEGAL STANDARD

At the outset, the Court notes that Plaintiffs do not challenge Healy's general qualifications as an expert or the relevance of his opinions.  Thus, the only issue before the Court is whether his expert testimony should be excluded as unreliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc*.[33]

The district court has considerable discretion to admit or exclude expert testimony under Fed. R. Evid. 702,[34] and the burden rests with the party seeking to present the testimony to show that the requirements of Rule 702 are met.[35]  Rule 702

---

[29] *Id*. at p. 3.
[30] *Id*. at p. 4 (citing R. Doc. 6430-1 in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179 (E.D. La.)).
[31] R. Doc. 380 at pp. 4-5.
[32] *Id.*
[33] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[34] *See, Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-39, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000); *Tajonera v. Black Elk Energy Offshore Operations, LLC*, Civ. A. No. 13-0366 c/w 13-0550, 13-5137, 13-2496, 13-5508, 13-6413, 14-374, 14-1714,  2016 WL 3180776, at *8 (E.D. La. June 7, 2016) (Brown, J.) (citing authority).
[35] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

provides that an expert witness "qualified . . . by knowledge, skill, experience, training or education may testify in the form of an opinion" when all of the following requirements are met:

> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.[36]

Rule 702 codifies the Supreme Court's opinion in *Daubert*, which charges district courts to act as "gatekeepers" when determining the admissibility of expert testimony.[37] "To be admissible under Rule 702, the court must find that the evidence is both relevant and reliable."[38] According to the Fifth Circuit, reliability is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid, while relevance depends on whether the reasoning or methodology underlying the testimony can be properly applied to the facts at issue.[39] The purpose of the reliability requirement is to exclude expert testimony based merely on subjective belief or unsupported speculation.[40]

To satisfy the reliability prong of the *Daubert*/Rule 702 analysis, a "party seeking to introduce expert testimony must show (1) the testimony is based upon

---

[36] Fed. R. Evid. 702; *Tajonera*, Civ. A. No. 13-0366, 2016 WL 3180776 at *8.

[37] *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).

[38] *United States v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012) (citing *United States v. Valencia*, 600 F.3d 389, 423 (5th Cir. 2010)).

[39] *Ebron*, 683 F.3d at 139 (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)).

[40] *Tajonera*, Civ. A. No. 13-0366, 2016 WL 3180776 at *8 (citing *Daubert*, 509 U.S. at 590, 113 S.Ct. at 2795).

sufficient facts or data, (2) the testimony is the product of reliable principles and

methods, and (3) the witness has applied the principles and methods reliably to the

facts of the case."[41] To prove reliability, the proponent of the expert testimony must

present some objective, independent validation of the expert's methodology.[42] The

objective of this Court's gatekeeper role is to ensure that an expert "employs in the

courtroom the same level of intellectual rigor that characterizes the practice of an

expert in the relevant field."[43]

## III. ANALYSIS

### A. Defendants Have Shown that Healy's Opinions Are Based Upon Sufficient Facts or Data.

The Fifth Circuit has recognized that, "The *Daubert* reliability analysis applies

to, among other things, 'the facts underlying the expert's opinion.'"[44] "In particular,

an opinion based on 'insufficient, erroneous information,' fails the reliability

standard."[45] The Fifth Circuit has further cautioned that, "Although the *Daubert*

reliability analysis is flexible and the proponent of the expert evidence need not

satisfy every one of its factors, 'the existence of sufficient facts . . . is in all instances

---

[41] *Recif Resources, LLC v. Juniper Capital Advisors, L.P.*, Civ. A. No. H-19-2953, 2020 WL 5623982, at *2 (S.D. Tex. Sept. 18, 2020) (Atlas, J.) (quoting *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009)) (internal quotation marks omitted).

[42] *Recif Resources, LLC*, Civ. A. No. H-19-2953, 2020 WL 5623982 at *2 (citing *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013)).

[43] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 1176, 143 L.Ed.2d 238 (1999); *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006).

[44] *Moore v. Int'l Paint, LLC*, 547 Fed.Appx. 513, 515 (5th Cir. 2013) (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007)); *Jacked Up, LLC v. Sara Lee Corporation*, 291 F. Supp. 3d 795, 802 (N.D. Tex. 2018) (Horan, M.J.) (quoting *Moore*, 547 Fed.Appx. at 515).

[45] *Moore,* 547 Fed.Appx. at 515 (quoting *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 389 (5th Cir. 2009)).

mandatory.'"[46]  Thus, "expert testimony that relies on 'completely unsubstantiated factual assertions' is inadmissible."[47]  Nevertheless, the Fifth Circuit has made clear that, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's consideration."[48]  "It is the role of the adversarial system, not the court, to highlight weak evidence."[49]

The Court finds that although the specific facts and data relied upon by Healy in forming his opinions are not cited in the body of his expert report, attached to his report is a four-page list of the facts and data he considered in forming his opinions.[50]  Among other things, Healy relied upon the allegations in the Plaintiffs' "class action complaint," Plaintiffs' Motion for Class Certification and Defendants' Joint Memorandum in Opposition thereto, [51] the attorney-client contract used by Defendants, the intake packet Defendants provided to potential clients, the DHECC filing deadline information, the BP Settlement Agreement, the deposition of Amber Affolder taken on February 12, 2020 and the exhibits thereto, the deposition of plaintiff Kristine G. Collins and the exhibits thereto, and the deposition of plaintiff

---

[46] *Moore*, 547 Fed.Appx. at 515 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007)) (internal citation omitted).

[47] *Moore*, 547 Fed.Appx. at 515 (quoting *Hathaway*, 507 F.3d at 319, n.4).

[48] *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land, More of Less Sit. In Leflore County, Miss*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (internal quotation marks omitted) (emphasis added by *Primrose*).

[49] *Primrose*, 382 F.3d at 562.

[50] R. Doc. 329-2 at pp. 22-25.

[51] R. Docs. 129 & 203.  The Court notes that Plaintiffs' Motion for Class Certification (R. Doc. 129) was denied as moot on November 2, 2020 and, pursuant to the Court's November 2, 2020 Order (R. Doc. 237), Plaintiffs re-filed their Motion for Class Certification on November 23, 2020 (R. Doc. 241).  The Court subsequently denied Plaintiffs' Motion for Class Certification on July 1, 2021.  R. Doc. 391.  The Court further notes that there is no date on Healy's expert report.  *See,* R. Doc. 329-2.

Abraham Xavier Gamberella and the exhibits thereto.  The Court has reviewed the portions of Affolder's deposition testimony cited by Defendants and filed into the record, and finds that it provides factual support for Healy's opinions regarding inaccuracies in the DHECC database and whether Plaintiffs' BP Subsistence Claims were timely-filed.[52]

While not extensively detailed in his expert report, the Court finds that the list of facts or data relied upon by Healy in rendering his expert opinions is sufficient for purposes of *Daubert* and Fed. R. Evid. 702.  The Court remains cognizant that, notwithstanding *Daubert*, "the rejection of expert testimony is the exception and not the rule."[53]  Thus, to the extent that Plaintiffs are attacking the factual basis of Healy's opinions, such arguments address the *weight* to be assigned to those opinions, rather than their admissibility at trial.[54]  The Court is fully satisfied that, during trial, counsel for Plaintiffs are perfectly able to, and will, take the opportunity to vigorously cross-examine Healy regarding the bases for his opinions.

### B.  Healy's Opinions Are the Product of Reliable Methodologies.

The Supreme Court in *Daubert* set forth the following non-exclusive list of factors to consider in determining the reliability of expert testimony: (1) whether the theory has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known

---

[52] R. Doc. 193-7 at pp. 40, 62-65, 83, 124.  The Court notes that while Defendants assert that the transcript from James Griggs' deposition also supports Healy's opinions regarding inaccuracies in the DHECC database (R. Doc. 353 at p. 3), Healy did not list Griggs' deposition as one of the facts or data he considered in rendering his opinions.  *See*, R. Doc. 329-2 at pp. 22-25.

[53] *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (Duval, J.) (*quoting* Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments) (internal quotation marks omitted).

[54] *See, Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 393 (5th Cir. 2002) ("Unocal instead attempts to show that the underlying data – provided by Unocal – was itself unreliable.  This is an issue that Unocal could – and did – raise in cross-examination.").

or potential rate of error; (4) whether standards and controls exist and have been maintained with respect to the technique; and (5) the general acceptance of the methodology in the scientific community.[55]   Whether some or all of these factors apply in a particular case depends on the facts, the expert's particular expertise, and the subject of his testimony.[56] The Fifth Circuit has held that a trial court may consider additional factors in assessing the scientific reliability of expert testimony, including: (1) whether the expert's opinion is based on incomplete or inaccurate data; (2) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion; and (3) whether the expert has adequately accounted for alternative explanations.[57]

While the parties did not address the foregoing factors in their briefs, the Court finds that Defendants have demonstrated that the reasoning and methodology underlying Healy's opinions regarding the cautionary language in Defendants' intake forms, Defendants' obligations under the attorney-client contracts entered into with Plaintiffs, the existence of internal conflicts among Defendants' clients, and the choice of law provision in the attorney-client contracts is a valid and reliable means for addressing these legal topics.[58]   "The *Daubert* test is flexible and takes into consideration that an expert may be qualified by experience to testify on matters within his expertise."[59]   Here, Healy's opinions are

---

[55] *In re: Vioxx Products Liability Litigation*, 401 F. Supp. 2d 565, 573 (E.D. La. 2005) (Fallon, J.) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-95, 113 S.Ct. 2768, 125 L.Ed.2d 469 (1993)).

[56] *In re: Vioxx*, 401 F. Supp. 2d at 573 (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 13, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

[57] *Nola Ventures, LLC v. Upshaw Insurance Agency, Inc.*, Civ. A. No. 12-1026, 2014 WL 12721798, at *6 (E.D. La. Oct. 31, 2014) (Brown, J.) (citing *Black v. Food Lion Inc.*, 171 F.3d 308, 313 (5th Cir. 1999); *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 278-79 (5th Cir. 1998); *In re Vioxx*, 401 F. Supp 2d at 573).

[58] In their Motion, Plaintiffs only challenge the methodology and principles underlying Healy's opinions on these specific topics.  R. Doc. 329-1 at pp. 11-14.

[59] *Padgett v. Fieldwood Energy, LLC*, Civ. A. No. 6:18-CV-00632, 2020 WL 1492836, at *3 (W.D. La. Mar. 26, 2020).

based on his over 30 years' experience practicing law in Louisiana and Mississippi handling personal injury and general civil litigation.[60]  Healy has also represented plaintiffs in several mass tort cases, including *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179 (E.D. La.).[61]  The Court finds that, rather than faulting the methodology employed by Healy in his report,[62] Plaintiffs appear to simply disagree with Healy's conclusions on the foregoing topics and his interpretation of Mississippi and Louisiana law.  This is evident from the fact that Plaintiffs repeatedly assert that Healy's opinions are based upon "inaccurate principles of law."[63]  The Court finds that Healy's knowledge of and application of Louisiana and Mississippi law to the facts of this case is sufficient to withstand a Rule 702 challenge at this time.  As such, Plaintiffs' Motion to exclude the expert testimony of Healy is denied.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Exclude Expert Testimony of George W. Healy, IV[64] is **DENIED.**

New Orleans, Louisiana, July 29, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[60] R. Doc. 329-2 at p. 26.
[61] *Id.*
[62] *Id.* at pp. 4-14.
[63] R. Doc. 329-1 at pp. 11 & 14.
[64] R. Doc. 329.