UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. GAUDET, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10356-WBV-JVM** |
| **HOWARD L. NATIONS, APC, ET AL.** | **SECTION: D (1)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Exclude Expert Testimony of Evan J. Weems.[1] The Motion is opposed by Howard L. Nations, Cindy L. Nations, Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and the Rueb Law Firm (collectively, "Defendants"),[2] and Plaintiffs have filed a Reply.[3]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND[4]

This case arises from the April 20, 2010 Deepwater Horizon oil spill in the Gulf of Mexico, and Plaintiffs' allegations that Defendants' legal representation of BP Subsistence Claims caused Plaintiffs to lose their opportunity to receive a BP Subsistence Claim compensation award from the BP Deepwater Horizon Economic Settlement (hereafter, the "BP Settlement Agreement").[5] Plaintiffs filed the instant

---

[1] R. Doc. 330.
[2] R. Doc. 352.
[3] R. Doc. 381.
[4] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See,* R. Docs. 234, 357, & 391) and, for the sake of brevity, will not be repeated here.
[5] R. Docs. 1, 45, 99, & 236.

Motion on May 31, 2021, seeking to exclude the expert testimony of Evan J. Weems under Fed. R. Evid. 702 and *Daubert*[6] because his opinions are based upon insufficient and inaccurate facts and data and inaccurate principles of law.[7] Plaintiffs argue that Weems' opinions regarding the timeliness and viability of their BP Subsistence Claims should be excluded as unreliable because they are based upon unsupported assumptions and conjecture.

Defendants argue that Weems' assumptions and opinions are reasonable and meet *Daubert* standards based upon his extensive experience filing BP Subsistence Claims, including his attendance at a large number of field visits and claim handling relating to fraud, waste, and abuse issues, and based upon evidence presented by Amber Affolder, the Fed. R. Civ. P. 30(b)(6) corporate representative for Howard L. Nations, APLC.[8] Defendants further assert that Plaintiffs fail to cite any evidence or law to show Weems' opinions regarding the viability of their BP Subsistence Claims is untrustworthy or unacceptable.[9] Defendants contend that Plaintiffs' false criticisms of Defendants are not relevant to Weems' expert report or to the fact that Plaintiffs have no proof of causation, an essential element of their claim.[10] In response, Plaintiffs re-urge many of the same arguments made in their Motion, and further assert that Defendants should be judicially estopped from attacking the

---

[6] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[7] R. Doc. 330 at p. 1; R. Doc. 330-1 at pp. 2-9.
[8] R. Doc. 352 at pp. 2-5.
[9] *Id*. at pp. 4-5.
[10] *Id*. at p. 6.

legitimacy of BP Subsistence Claims "*they* filed and/or for whom they contractually agreed to *file* claims."[11]

## II. LEGAL STANDARD

The district court has considerable discretion to admit or exclude expert testimony under Fed. R. Evid. 702,[12] and the burden rests with the party seeking to present the testimony to show that the requirements of Rule 702 are met.[13] Rule 702 provides that an expert witness "qualified . . . by knowledge, skill, experience, training or education may testify in the form of an opinion" when all of the following requirements are met:

> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.[14]

Rule 702 codifies the Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, which charges district courts to act as "gatekeepers" when determining the admissibility of expert testimony.[15] "To be admissible under Rule 702, the court must find that the evidence is both relevant and reliable."[16] According

---

[11] R. Doc. 381 at p. 5 (emphasis in original).
[12] *See, Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-39, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000); *Tajonera v. Black Elk Energy Offshore Operations, LLC*, Civ. A. No. 13-0366 c/w 13-0550, 13-5137, 13-2496, 13-5508, 13-6413, 14-374, 14-1714, 2016 WL 3180776, at *8 (E.D. La. June 7, 2016) (Brown, J.) (citing authority).
[13] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[14] Fed. R. Evid. 702; *Tajonera*, Civ. A. No. 13-0366, 2016 WL 3180776 at *8.
[15] *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).
[16] *United States v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012) (citing *United States v. Valencia*, 600 F.3d 389, 423 (5th Cir. 2010)).

to the Fifth Circuit, reliability is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid, while relevance depends on whether the reasoning or methodology underlying the testimony can be properly applied to the facts at issue.[17] The purpose of the reliability requirement is to exclude expert testimony based merely on subjective belief or unsupported speculation.[18]

To satisfy the reliability prong of the *Daubert*/Rule 702 analysis, a "party seeking to introduce expert testimony must show (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[19] To prove reliability, the proponent of the expert testimony must present some objective, independent validation of the expert's methodology.[20] The objective of this Court's gatekeeper role is to ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[21]

## III.  ANALYSIS

Plaintiffs do not challenge Weems' general qualifications as an expert or the relevance of his opinions in the instant Motion.  Instead, Plaintiffs argue that his

---

[17] *Ebron*, 683 F.3d at 139 (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)).
[18] *Tajonera*, Civ. A. No. 13-0366, 2016 WL 3180776 at *8 (citing *Daubert*, 509 U.S. at 590, 113 S.Ct. at 2795).
[19] *Recif Resources, LLC v. Juniper Capital Advisors, L.P.*, Civ. A. No. H-19-2953, 2020 WL 5623982, at *2 (S.D. Tex. Sept. 18, 2020) (Atlas, J.) (quoting *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009)) (internal quotation marks omitted).
[20] *Recif Resources, LLC*, Civ. A. No. H-19-2953, 2020 WL 5623982 at *2 (citing *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013)).
[21] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 1176, 143 L.Ed.2d 238 (1999); *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006).

expert testimony should be excluded because it is based upon insufficient and inaccurate facts and data and inaccurate principles of law.[22] Thus, the only issue before the Court is whether Weems' expert testimony should be excluded as unreliable under *Daubert*.[23]

The Fifth Circuit has recognized that, "The *Daubert* reliability analysis applies to, among other things, 'the facts underlying the expert's opinion.'"[24] "In particular, an opinion based on 'insufficient, erroneous information,' fails the reliability standard."[25] The Fifth Circuit has further cautioned that, "Although the *Daubert* reliability analysis is flexible and the proponent of the expert evidence need not satisfy every one of its factors, 'the existence of sufficient facts . . . is in all instances mandatory.'"[26] Thus, "expert testimony that relies on 'completely unsubstantiated factual assertions' is inadmissible."[27] Nevertheless, the Fifth Circuit has made clear that, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's consideration."[28] "It is the role of the adversarial system, not the court, to highlight weak evidence."[29]

---

[22] R. Doc. 330 at p. 1; R. Doc. 330-1 at pp. 2-9.
[23] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[24] *Moore v. Int'l Paint, LLC*, 547 Fed.Appx. 513, 515 (5th Cir. 2013) (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007)); *Jacked Up, LLC v. Sara Lee Corporation*, 291 F. Supp. 3d 795, 802 (N.D. Tex. 2018) (Horan, M.J.) (quoting *Moore*, 547 Fed.Appx. at 515).
[25] *Moore,* 547 Fed.Appx. at 515 (quoting *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 389 (5th Cir. 2009)).
[26] *Moore*, 547 Fed.Appx. at 515 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007)) (internal citation omitted).
[27] *Moore*, 547 Fed.Appx. at 515 (quoting *Hathaway*, 507 F.3d at 319, n.4).
[28] *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land, More of Less Sit. In Leflore County, Miss*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (internal quotation marks omitted) (emphasis added by *Primrose*).
[29] *Primrose*, 382 F.3d at 562.

The Court agrees with Defendants that Plaintiffs have failed to show that Weems' expert opinions are unreliable because they are based upon insufficient facts or data. Indeed, Plaintiffs merely challenge Weems' conclusions regarding the viability of their BP Subsistence Claims and assert that his conclusions are contradicted by other evidence in this case. To the extent Plaintiffs question the content of and support for the opinions or reasoning set out in Weems' report, Plaintiffs will have an opportunity to explore these issues at trial through cross-examination of Weems and the presentation of countervailing testimony. Moreover, "questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's consideration."[30] The Court remains cognizant that, notwithstanding *Daubert*, "the rejection of expert testimony is the exception and not the rule."[31] Thus, to the extent that Plaintiffs are attacking the factual basis of Weems' opinions, the Court is fully satisfied that, during trial, counsel for Plaintiffs are perfectly able to, and will, take the opportunity to vigorously cross-examine Weems regarding the bases for his opinions.

---

[30] *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty.*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (emphasis in original; internal quotation marks omitted); *See, Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 393 (5th Cir. 2002) ("Unocal instead attempts to show that the underlying data – provided by Unocal – was itself unreliable. This is an issue that Unocal could – and did – raise in cross-examination.").
[31] *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (Duval, J.) (*quoting* Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments) (internal quotation marks omitted).

Nonetheless, the Court has reviewed Weems' expert report,[32] along with his December 11, 2020 Declaration and curriculum vitae attached thereto,[33] and finds that the opinions contained in the report are reliable under Fed. R. Evid. 702. According to the report, Weems based his opinions on his review of "all available depositions of the named plaintiffs," as well as his professional experience handling approximately 12,000 BP Subsistence Claims and personally attending 676 "HUB visits" and 231 field visits involving claims center personnel interviewing claimants at their homes or docks.[34] Weems also based his opinions upon an additional review of all the documents referenced in his Declaration, which includes "DHECC documents and claim forms" and "class representative documents that have been filed and/or exchanged in this case."[35] Weems opines that, based upon his experience and his review of the foregoing materials, "many, if not all of [Plaintiffs'] claims would most likely have been denied or greatly reduced on their lack of merit and based on the claimant's own testimony, either through the documents they submitted or during a Fraud Waste and Abuse (FWA) investigation or Field Visit" because, "Many, if not most, of the named plaintiffs lacked the knowledge, skill and/or ability to justify the subsistence claims that they have made."[36] Weems further opines that even if

---

[32] R. Doc. 330-2 at pp. 1-11.
[33] *Id.* at pp. 12-17.
[34] *Id.* at p. 1.
[35] *Id.* at p. 13. The Court notes that Weems also asserts in his report that he relied on "those documents attached hereto and labeled as 'Weems Report Exhibits 1-4." *Id.* at p. 1. According to the attached documents, "Weems Exhibit #1" is a copy of Weems' Declaration dated December 11, 2020 and Weems' curriculum vitae, "Weems Exhibit #2" is a list of claimant identification numbers "as of 2020," "Weems Exhibit #3" is a table with information regarding the status of various "File ID" numbers with the first and last names for those numbers redacted, and "Weems Exhibit #4" is a copy of the Expert Report of Allen M. Gresset, one of Plaintiffs' experts. *Id.* at pp. 12-63.
[36] *Id.* at p. 2.

Plaintiffs' BP Subsistence Claims had passed the FWA investigation, they would have been subject to a field visit if their base award was greater than $10,000, and "few, if any, of these claims would result in a full recovery."[37] Weems then addressed the viability of the BP Subsistence Claim filed by nine of the ten named plaintiffs, and opined that most of them would have either been denied or substantially reduced.[38]

Weems further opines that while some Plaintiffs believe their BP Subsistence Claim was not filed because they only have registration numbers in the DHECC database, that may not be the case if the claimant had a different lawyer at some point or filed any claims *pro se*.[39] As such, Weems claims that it is not a given, as asserted by Plaintiffs' expert Mr. Gressett, that each of the 1,433 "registration only" claims were never filed, as they could fall into this category of having multiple representation.[40] Weems also opines that the gap in time between the date on the joint venture's denial letter (fall of 2018) and the date claimants received the letter (spring of 2019) was likely due to the joint venture's ongoing negotiations with DHECC during that time to try to have those BP Subsistence Claims evaluated.[41] Weems concludes by opining that, "had DHECC accepted the filings and reviewed them on their merits (or the lack thereof), most, if not all, of these named Plaintiff's claims would have ultimately been denied post-review."[42]

---

[37] *Id.* at pp. 2-3.
[38] *Id.* at pp. 3-7.  The Court notes that Weems did not address the viability of Deborah A. Gaudet's BP Subsistence Claim.
[39] *Id.* at p. 8.
[40] *Id.* at pp. 8-9.
[41] *Id.* at p. 9.
[42] *Id.* at p. 10.

The Court finds that Defendants have demonstrated that the reasoning and methodology underlying Weems' opinions are valid and reliable means for assessing the potential viability of Plaintiffs' BP Subsistence Claims. As Defendants point out, the Field Validation Questions produced by the DHECC Settlement Administrator confirms the field validation protocols match the standards applied by Weems in his expert report.[43] "The *Daubert* test is flexible and takes into consideration that an expert may be qualified by experience to testify on matters within his expertise."[44] Here, Weems' opinions are largely based on his extensive experience filing BP Subsistence Claims and attending over 600 HUB visits and over 200 field visits. The Court finds that Weems' knowledge of and experience with filing BP Subsistence Claims, including his attendance at and familiarity with HUB visits and field visits, is sufficient to withstand a Rule 702 challenge. As such, Plaintiff's Motion to exclude the expert testimony of Weems is denied.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Exclude Expert Testimony of Evan J. Weems[45] is **DENIED.**

New Orleans, Louisiana, July 29, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[43] R. Doc. 352 at p. 5 (*citing* R. Doc. 352-1 at pp. 3-7).
[44] *Padgett v. Fieldwood Energy, LLC*, Civ. A. No. 6:18-CV-00632, 2020 WL 1492836, at *3 (W.D. La. Mar. 26, 2020).
[45] R. Doc. 330.