UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. GAUDET, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10356-WBV-JVM** |
| **HOWARD L. NATIONS, APC, ET AL.** | **SECTION: D (1)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Exclude Expert Testimony of Zachary L. Wool.[1] The Motion is opposed by Howard L. Nations, Cindy L. Nations, Howard L. Nations, APC, Gregory D. Rueb, Rueb & Motta, APLC, and the Rueb Law Firm (collectively, "Defendants"),[2] and Plaintiffs have filed a Reply.[3]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND[4]

This case arises from the April 20, 2010 Deepwater Horizon oil spill in the Gulf of Mexico, and Plaintiffs' allegations that Defendants' legal representation of BP Subsistence Claims caused Plaintiffs to lose their opportunity to receive a BP Subsistence Claim compensation award from the BP Deepwater Horizon Economic Settlement (hereafter, the "BP Settlement Agreement").[5] In the instant Motion, Plaintiffs seek to exclude the testimony and opinions of Defendants' expert, Zachary

---

[1] R. Doc. 331.
[2] R. Doc. 350.
[3] R. Doc. 382.
[4] The factual background of this case was extensively detailed in several orders previously issued by this Court (*See*, R. Docs. 234, 357, & 391) and, for the sake of brevity, will not be repeated here.
[5] R. Docs. 1, 45, 99, & 236.

L. Wool, under Fed. R. Evid. 702 and *Daubert*[6] on the basis that his opinions are not relevant or reliable because they are based on insufficient facts and data. Defendants argue that the Motion should be denied because Wool's opinions are both relevant and reliable under *Daubert*, and further assert that Plaintiffs can, and should, address any of their concerns through cross-examination of Wool at trial.[7]

## II.   LEGAL STANDARD

The district court has considerable discretion to admit or exclude expert testimony under Fed. R. Evid. 702,[8] and the burden rests with the party seeking to present the testimony to show that the requirements of Rule 702 are met.[9] Rule 702 provides that an expert witness "qualified . . . by knowledge, skill, experience, training or education may testify in the form of an opinion" when all of the following requirements are met:

> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.[10]

Rule 702 codifies the Supreme Court's opinion in *Daubert*, which charges district courts to act as "gatekeepers" when determining the admissibility of expert

---

[6] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[7] R. Doc. 350 at pp. 6-10.
[8] *See, Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-39, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000); *Tajonera v. Black Elk Energy Offshore Operations, LLC*, Civ. A. No. 13-0366 c/w 13-0550, 13-5137, 13-2496, 13-5508, 13-6413, 14-374, 14-1714, 2016 WL 3180776, at *8 (E.D. La. June 7, 2016) (Brown, J.) (citing authority).
[9] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[10] Fed. R. Evid. 702; *Tajonera*, Civ. A. No. 13-0366, 2016 WL 3180776 at *8.

testimony.[11]  "To be admissible under Rule 702, the court must find that the evidence is both relevant and reliable."[12]  According to the Fifth Circuit, reliability is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid, while relevance depends on whether the reasoning or methodology underlying the testimony can be properly applied to the facts at issue.[13]  The purpose of the reliability requirement is to exclude expert testimony based merely on subjective belief or unsupported speculation.[14]

## III.    ANALYSIS

After careful consideration of the parties' memoranda and the applicable law, and for the reasons stated in Defendants' Opposition brief, the Court finds that Wool's opinions are sufficient for purposes of *Daubert* and Fed. R. Evid. 702.  The Court remains cognizant that, notwithstanding *Daubert*, "the rejection of expert testimony is the exception and not the rule."[15]  Moreover, "questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's consideration."[16]  The Court is

---

[11] *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).
[12] *United States v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012) (citing *United States v. Valencia*, 600 F.3d 389, 423 (5th Cir. 2010)).
[13] *Ebron*, 683 F.3d at 139 (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)).
[14] *Tajonera*, Civ. A. No. 13-0366, 2016 WL 3180776 at *8 (citing *Daubert*, 509 U.S. at 590, 113 S.Ct. at 2795).
[15] *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (Duval, J.) (*quoting* Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments) (internal quotation marks omitted).
[16] *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty.*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (emphasis in original; internal quotation marks omitted); *See, Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 393 (5th Cir. 2002) ("Unocal instead attempts to show that the underlying data – provided by Unocal – was itself unreliable.  This is an issue that Unocal could – and did – raise in cross-examination.").

fully satisfied that, during trial, counsel for Plaintiffs are perfectly able to, and will, take the opportunity to vigorously cross-examine Wool regarding the bases for his opinions and present countervailing testimony.

### IV. CONCLUSIONS

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Exclude Expert Testimony of Zachary L. Wool[17] is **DENIED.**

New Orleans, Louisiana, July 29, 2022.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[17] R. Doc. 331.